[No. 4,361.]

## JESSE E. CORY AND LAVINIA CORY *v.* WILLIAM HYDE.

DECREE OF SPECIFIC PERFORMANCE BY PROBATE COURT.—If the statute authorizes the Probate Court to compel an administrator to execute a conveyance of real estate, in a case where the intestate had contracted in writing to convey it, the petition asking for a decree compelling the administrator to convey, must state that the contract was in writing, in order to give the Probate Court jurisdiction.

IDEM.—Section 1597 of the Code of Civil Procedure does not empower the Probate Court to direct an administrator to perform specifically a contract for the conveyance of land made by his intestate, unless the contract of the intestate was in writing.

IDEM.—The words "and in all cases where such decedent, if living, might be compelled to make such conveyance," inserted in such section by way of amendment to section 205 of the old Probate Act, do not extend the jurisdiction of the Probate Court to cases where there was no contract in writing.

IDEM.—The question of the extent of equitable jurisdiction which may be conferred on the Probate Court, as collateral to the main objects for which that Court is created, not decided.

APPEAL from the Probate Court, County of Butte.

On the 10th day of September, 1873, William Hyde filed his petition in the Probate Court of Butte County, in the case of "in the Matter of the Estate of J. C. Cory, deceased," in which he alleged that, on or about the 1st day of April, 1870, J. C. Cory and D. D. Fox were the owners, as tenants-in-common, of lot five in block nine, in the town of Chico, and that said Fox and Cory entered into an agreement with petitioner, in which they bargained and sold and agreed to convey to the petitioner said lot, for the sum of .five hundred dollars to be paid by the petitioner when demanded, and then placed the petitioner in the possession of the lot, and he had ever since remained in possession, and had made valuable improvements thereon. That the petitioner paid the money when demanded, during the life time of said Cory, and said Cory promised to execute a deed, but neglected to do so, and died intestate, about the 12th day of February, 1871, and Wm. T. Cory was the administrator of his estate. That said Fox executed to petitioner a deed of his interest in the premises. The petitioner prayed that Wm. T. Cory, the administrator, be required to make the conveyance. The Court below granted the prayer of the petition, and James E. Cory, one of the heirs, and Lavinia Cory, the widow of deceased, who were the contestants, appealed.

*P. O. Hundley*, for the Appellants.

*Gifford & Lusk*, for the Respondent.

By the Court, McKINSTRY, J.:

This is an appeal from a decree of the Probate Court ordering an administrator to execute a conveyance of real estate alleged by petitioner to have been purchased from the decedent. The petition does not set forth that the contract between the decedent and petitioner was in writing. If the statute gives power to the Probate Court to decree specific performance only of written contracts, an averment of the writing is necessary to give that Court jurisdiction. Such averment is not simply analogous to

that of a contract in a complaint filed in the District Court, when the contract must be in writing to be valid under the Statute of Frauds. In the latter case an allegation of the terms of the contract has been held to be sufficient, because there can be no such contract except in writing. But if the Probate Court has no jurisdiction to decree a conveyance, except when the contract is in writing, the jurisdictional fact must appear on the face of the petition.

Section 1,597 of the Code of Civil Procedure provides:

"When a person, who is bound by contract in writing to convey any real estate, dies before making the conveyance, and in all cases where such decedent, if living, might be compelled to make such conveyance, the Probate Court may make a decree authorizing and directing his executor or administrator to convey such real estate to the person entitled thereto."

This section is the same as 295 of the former Probate Act, with the words interjected—"and in all cases where such decedent, if living, might be compelled to make such conveyance."

An argument in favor of the proposition that the section of the Code gives an enlarged jurisdiction to the Probate Court, may be based on the supposition that the words last quoted were inserted *ex industria*, and would be unnecessary if it was intended that the Court should simply retain the jurisdiction it possessed before the amendment.

But if the words of the amendment enlarge the jurisdiction they cannot be limited to conferring a power to decree specific performance in cases of oral contracts for the sale or purchase of lands, where there has been such part performance as destroyed the *status quo*, but must be held to transfer to that Court a vast equitable jurisdiction in respect to trust estates and matters of fraud, much of which cannot be said to be auxiliary to the settlement of estates. We cannot suppose that it was the purpose of the Legislature to confer these powers on the Probate Court by the use of language which does not distinctly avow such purpose, and which may fairly be construed to indicate a different intention.

The note to section 1,597 of the Annotated Code contains no intimation that the Commissioners contemplated so important a change as would be wrought by extending the powers of the Probate Court to the authorization of a decree in every case in which the decedent, if living, might have been compelled to convey.

There may be cases in which a person is "bound by contract, in writing, to convey real estate" contingently—that is to say, on performance by the other contracting party of the conditions by him to be performed.  Under the former statute a Court of Probate would not decree specific performance simply because a decedent had "bound" himself by a written contract, when something remained to be done by the petitioner.  The amendment was probably unnecessary, but the words may have been inserted to indicate clearly that the power should be exercised only when the petitioner should prove that he had fully performed on his part.  This suggestion being borne in mind, the section as amended provides, in effect, that when a person bound by a contract in writing to make a conveyance of real estate, shall die before making the conveyance, in a case where, if the decedent were living, a Court of Equity would compel him to make such conveyance, the Probate Court may decree it.

It is not necessary here to question the extent of equitable jurisdiction which may be conferred upon the Probate Court as collateral to the main object for which that Court is created.

Order and decree reversed, and cause remanded for further proceedings.

CROCKETT, J., concurring:

It is a rule in construing a statute that, if practicable, effect shall be given to every part of it.  It is not to be presumed that a statute contains meaningless phrases having no significance.  Applying this rule to Section 1,597 of the Code of Civil Procedure, it is clear that if the clause which provides that the Probate Court may decree a conveyance "in all cases where such decedent, if living, might be com-

pelled to make such conveyance," is to be construed literally, it includes all cases in which the party is entitled to a conveyance whether the contract be in writing or not. On this construction, the first clause, which provides for a conveyance, in case the decedent was bound by a "contract in writing," to convey, is superfluous and without significance. But both may be so construed as to give effect to each, without straining the language of either. The first clause provides for a conveyance, if the decedent was bound by a contract in writing to convey; but cases frequently arise in which, though bound by such a contract, the decedent, if living, could not be compelled to convey. There might be many valid defenses to an action for a specific performance of the contract; and the second clause of the section was only intended, out of abundant caution, to authorize the Probate Court to try and determine such defenses to a written contract for a conveyance. But it was not intended to confer upon that Court equity powers in that large class of cases, founded on a part performance of verbal contracts for the sale and conveyance of land. For these reasons I concur in the judgment.

Mr. Chief Justice WALLACE did not express an opinion.