BULLERDICK, RESPONDENT, *v.* HERMSMEYER ET AL., DEFENDANTS; HERMSMEYER, APPELLANT.

32   541<br>39   379

(No. 2,110.)

(Submitted May 6, 1905. Decided July 3, 1905.)

*Water Rights — Appurtenances — Conveyance—Parol Contract — Specific Performance — Probate Courts—Jurisdiction—Presumptions — Homestead—Apportionment—Public Use of Water—Adverse Use.*

Probate Courts—Homestead—Apportionment—Petition.
    1. Where a homestead was set apart to a widow by the probate court, under Compiled Statutes 1887, Second Division, sections 134, 137, it was immaterial whether it acted on petition or on its own motion.

Homestead—Apportionment—Conveyance—Appurtenances—Water Rights.
    2. Where a homestead was set apart to a widow by the probate court, under Compiled Statutes 1887, Second Division, sections 134, 137, she had a right to convey the same, and her grantee became vested with the fee and such conveyance vested him with whatever right she had to the use of water appurtenant thereto, together with the means of using same.

Deeds—Water Rights—Appurtenances—Extrinsic Evidence.
    3. Where a deed to certain land does not specify the particular appurtenant water right alleged to have been conveyed by it, extrinsic evidence may be resorted to to establish such right.

Probate Courts—Conveyances—Executors—Parol Contracts—Specific Performance—Statutes.
    4. *Query:* Under the provisions of the Organic Act, could the legislature by Compiled Statutes, Second Division, section 236, clothe probate courts with jurisdiction to direct specific performance of a parol contract, by which decedent in his lifetime agreed to convey certain water rights to his wife?

Probate Courts—Jurisdiction.
    5. Probate courts, or district courts sitting in probate, have but a special and limited jurisdiction, and their powers are such as are expressly granted by the statute, or necessarily implied to give effect to those expressly granted.

Probate Courts—Administrators—Specific Performance—Presumptions.
    6. Where a petition, filed by an administrator, under Compiled Statutes, Second Division, section 236, to enforce a contract by deceased to convey certain water rights, did not show on its face that the contract was in writing, but rather implied the contrary, it could not be presumed, in support of the probate court's decree enforcing specific performance, that the contract was in writing, and that the court, therefore, had jurisdiction to enforce the same.

Probate Courts—Specific Performance—Void Decree—Curative Acts.
    7. Where a decree of a probate court for specific performance of a contract by decedent in his lifetime to convey certain water rights to

his wife was void for want of jurisdiction in the court at the time of its rendition, it was not validated by Session Laws 1899, p. 145, subsequently passed, to validate judicial sales by executors and administrators, etc.

Water Rights—Tenants in Common—Interest of Each—How Measured.
8.   Where parties acquired certain land in separate parcels from the owners of a water right appurtenant to the land, they each became vested with an interest in the water measured in amount by the requirements of each, whether they were tenants in common or not.

Water Rights—What may Constitute an Original Appropriation.
9.   Where the owner of certain land had used water from a main irrigation ditch through a lateral from the date it was decreed to her by the probate court, such use constituted an original appropriation, though such decree was void for want of jurisdiction.

Water Rights—Evidence—Adverse Use.
10.   In a suit to determine water rights of the owners of certain land, evidence *held* insufficient to support a finding that plaintiff had acquired a right to the use of all of the waters of the stream by adverse use since 1888.

Real Estate—Prescription—Adverse Use.
11.   A right by prescription against the owner of real estate may be acquired only by an open, notorious, exclusive and adverse holding, under a claim of right during the full statutory period—the use must be such as to constitute an invasion of a right which the owner may at any time assert, but fails to exercise until the full statutory period has passed.

Waters—Public Use—Manner of Use.
12.   The use of the waters in streams being declared by the Constitution, Article III, section 15, to be a public use, every citizen is entitled to divert and use them so long as he does not infringe the rights of some other citizen who has acquired a prior right by appropriation, on condition that he restore the waters to the channel of the stream on the cessation of his necessity.

Waters—Adverse Use—Prescription.
13.   If a use of water becomes and continues adverse and exclusive for the full period described by the statute, and the owner suffers the consequent deprivation, such use ripens into a right by prescription.

*Appeal from District Court, Madison County; M. H. Parker, Judge.*

ACTION by Lewis Bullerdick against Frederick Hermsmeyer and others. From the judgment and an order denying him a new trial, defendant Frederick Hermsmeyer appeals. Modified and affirmed.

*Mr. W. A. Clark,* for Appellant.

It was incumbent upon the plaintiff to establish all the jurisdictional facts leading up to and authorizing the administratrix to make this deed, and without their establishment, it was

error to admit the same in evidence, or to consider the same in making up the findings in this case. (*Dawson* v. *Parham,* 47 Ark. 215, 1 S. W. 72; *White* v. *Moses,* 21 Cal. 34; *Dorrance* v. *Raynsford,* 67 Conn. 1, 52 Am. St. Rep. 266, 34 Atl. 706; *Jones* v. *Taylor,* 7 Tex. 240, 56 Am. Dec. 48; *Tucker* v. *Murphy,* 66 Tex. 355, 1 S. W. 76; *Chase* v. *Ross,* 36 Wis. 267.)

The right to water acquired by a prior appropriation is not in any way dependent upon the *locus* of its application to any beneficial use designed, or to the particular use to which it was originally applied, but it may be used for any useful or beneficial purpose. (*Atchison* v. *Peterson,* 20 Wall. 507, 22 L. Ed. 442; *Maeris* v. *Bicknell,* 7 Cal. 261, 68 Am. Dec. 257; *McDonald* v. *Bear River etc. Mfg. Co.,* 13 Cal. 220; *Davis* v. *Gale,* 32 Cal. 26, 91 Am. Dec. 554; *Coffin* v. *Ditch Co.,* 6 Colo. 443; *Thomas* v. *Guiraud,* 6 Colo. 530; *Woolman* v. *Garinger,* 1 Mont. 535; *Power* v. *Switzer,* 21 Mont. 523, 55 Pac. 32.)

Hermsmeyer was not confined to the use of his water for irrigating purposes or required to put it on dry land for the purpose of irrigating crops. He had the right to apply it to any beneficial use which was valuable or necessary to the land, or would benefit it. (*Union Mill & Min. Co.* v. *Dangberg,* 2 Saw. 450, 81 Fed. 73; *Senior et al.* v. *Anderson et al.* (Cal.), 62 Pac. 563; *Power* v. *Switzer,* 21 Mont. 523, 55 Pac. 32; *Nichols* v. *McIntosh,* 19 Colo. 22, 34 Pac. 279; Pomeroy on Riparian Rights, 47; Kinney on Irrigation, secs. 150, 151, 154.) The defendant has a perfect right, if he so desires, to change the place of use of this water which belonged to this tract of land. (*Coffin* v. *Ditch Co.,* 6 Colo. 443; *Thomas* v. *Guiraud et al.,* 6 Colo. 530; *Sweetland* v. *Olsen,* 11 Mont. 27, 27 Pac. 339; *Meagher* v. *Hardenbrook,* 11 Mont. 381, 28 Pac. 451; *Creek* v. *Bozeman Waterworks Co.,* 15 Mont. 121, 28 Pac. 459; *Woolman* v. *Garringer,* 1 Mont. 535; *McDonald et al.* v. *Bear River etc. Co.,* 13 Cal. 220; *McDonald* v. *Lannen et al.,* 19 Mont. 78, 47 Pac. 648; *Atchinson* v. *Peterson,* 20 Wall. 507, 22 L. Ed. 442.)

The failure of one. tenant in common to use water or.to use all the water which he is entitled to is not any abandonment of the surplus or of his interests. (*Moss* v. *Rose,* 27 Or. 595, 50 Am. St. Rep. 743, 41 Pac. 666; *Meagher* v. *Hardenbrook,* 11 Mont. 385, 28 Pac. 451; *McGilliway* v. *Evans et al.,* 27 Cal. 92.)

To establish a right by prescription or adverse use, the acts by which said right is sought to be established must operate as an invasion of the rights of the party against whom it is set up. It must be open, peaceable, adverse and under claim of title. (*Talbott et al.* v. *Butte City Water Co.,* 29 Mont. 17, 73 Pac. 1111; *Union M. & M. Co.* v. *Dangberg,* 2 Saw. 450, 81 Fed. 73; *The Mining Debris Case,* 9 Saw. 441, 18 Fed. 753; *Grigsby* v. *Clear Lake Water Co.,* 40 Cal. 396; *Cave* v. *Crafts,* 53 Cal. 135; *Ledu* v. *Jim Yet Wa,* 67 Cal. 346, 7 Pac. 731; *Winter* v. *Winter,* 8 Nev. 129; *Egan* v. *Estrada* (Ariz.), 56 Pac. 721; *Dick* v. *Bird,* 14 Nev. 161; *Anaheim Water Co.* v. *Semi-Tropic Water Co.,* 64 Cal. 185, 30 Pac. 623; *Dick v. Campbell,* 14 Nev. 167.) The waters in question had become appurtenant to the lands for which they were originally appropriated. Mrs. Foster, as administratrix of the estate or otherwise, could not by a wrongful or fraudulent procedure devest these lands of such appurtenances, and the probate court had no authority to interfere with them, or to segregate the land from the water. (*Cave* v. *Crafts,* 53 Cal. 135; *Farmer* v. *Ukiah Water Co.,* 56 Cal. 11; *Standard* v. *Round Valley Co.,* 77 Cal. 399, 19 Pac. 689; *Crocker* v. *Benton,* 93 Cal. 365, 28 Pac. 953; *Cross v. Kitts,* 69 Cal. 217, 58 Am. Rep. 558, 10 Pac. 409; *Bank* v. *Miller et al.,* 6 Fed. 545; *Wilson* v. *Higbee,* 62 Fed. 723.)

*Mr. S. V. Stewart,* and *Mr. Edmund J. Callaway,* for Respondent.

The public is so far concerned with the use of water that it is declared in our Constitution that the use of all water now

appropriated, or that may be hereafter appropriated, shall be held to be a public use. (Const., Art. III., sec. 15; *Smith* v. *Deniff,* 24 Mont. 20, 81 Am. St. Rep. 408, 60 Pac. 398, 50 L. R. A. 741; *Ellinghouse* v. *Taylor,* 19 Mont. 462, 48 Pac. 757; *Power* v. *Switzer,* 21 Mont. 523, 55 Pac. 32; *Creek* v. *Bozeman W. W. Co.,* 15 Mont. 121, 38 Pac. 459; Mont. Civ. Code, secs. 1880, 1881; Kinney on Irrigation, secs. 165, 166; *Hague* v. *Nephi Irr. Co.,* 16 Utah, 421, 67 Am. St. Rep. 634, 41 L. R. A. 311, 52 Pac. 765.) If there is no intention on the part of the appropriator to apply the water to some useful purpose within a reasonable time, there is no valid appropriation, and the water remains subject to appropriation by others. (*Nichols* v. *McIntosh,* 19 Colo. 22, 34 Pac. 279; *Manning* v. *Fife* (Utah), 54 Pac. 111; *Combs* v. *Agricultural Ditch Co.,* 17 Colo. 146, 31 Am. St. Rep. 275, 28 Pac. 966; *X. Y. Irr. Co.* v. *Buffalo Creek Irr. Co.,* 25 Colo. 529, 55 Pac. 720; Kinney on Irrigation, secs. 151, 152.)

One who has the ownership of water may change the place of use when he desires, if the rights of others be not injuriously affected. So one owning several tracts of land may take it from one tract and use it upon an entirely different tract. (*Woolman* v. *Garringer,* 1 Mont. 535; *Atchison* v. *Peterson,* 20 Wall. 507, 22 L. Ed. 442; *Meagher* v. *Hardenbrook,* 11 Mont. 385, 28 Pac. 451; *Creek* v. *Bozeman W. W. Co.,* 15 Mont. 121, 38 Pac. 459.) One who stands passively by and allows another to open out fields and irrigate them with water for a long period of years under the belief that he has a vested right to the same is estopped from asserting such rights against the adverse user. (*Dalton* v. *Rentaria,* 2 Ariz. 275, 15 Pac. 37.) A right to the use of water may be acquired by the exclusive and uninterrupted use of water in a particular way for a period corresponding to the time fixed by the statute of limitations as a bar to an entry on lands. (*Crandall* v. *Woods,* 8 Cal. 136; *Union Water Co.* v. *Creary,* 25 Cal. 504, 85 Am. Dec. 145; *American Water Co.* v. *Bradford,* 27 Cal. 360; *Los Ange-*

*les* v. *Baldwin,* 53 Cal. 469; Kinney on Irrigation, sec. 256,. and long list of cases cited.)

The American court of probate is entitled to the same respect and presumption of conclusiveness as to the regularity of its proceedings as any court of record. "The record is absolute verity, to contradict which there can be no averment or evidence." (*Grignon's Lessee* v. *Astor,* 2 How. (U. S.) 340,. 11 L. Ed. 283; Brown on Jurisdiction, secs. 127, 129, 146; *J. B. Watkins L. M. Co.* v. *Mullen,* 62 Kan. 1, 61 Pac. 385;. *Keith* v. *Guthrie,* 59 Kan. 200, 52 Pac. 435; *Proctor* v. *Dicklow,* 57 Kan. 119, 45 Pac. 86; *Wolfley* v. *McPherson,* 61 Kan. 492, 59 Pac. 1054.) The general rule is that there is no pre-sumption that the contract was parol. It is well settled that the pleadings need not allege that a contract which would be void unless reduced to writing and signed was in fact in writing. (*Sweetland* v. *Barett,* 4 Mont. 217, 1 Pac. 745; *Mayger* v. *Cruse,* 5 Mont. 485, 6 Pac. 333; *Vassault* v. *Edwards,* 43 Cal. 458.)

And it is to be presumed that it is a written agreement, there being nothing to show the contrary. (*Hefferlin* v. *Karlman,* 29 Mont. 150, 74 Pac. 201, and cases cited as above.)

### APPELLANT'S REPLY BRIEF.

Where the title comes from a common source, as in the case at bar, the party seeking to establish his right must show every step necessary to indicate to the court that that right is superior to that of the one contested. (*Ritchie et al.* v. *Sauers et al.,* 100 Fed. 520; *Moore et al.* v. *Town Council,* 32 Fed. 498;. *United States* v. *Walker,* 109 U. S. 258, 27 L. Ed. 927, 3 Sup. Ct. 277.) Even where the curative statute is invoked, if the proceedings show that the court had no jurisdiction, they are not affected by the curative statute. (*Rogers* v. *Clemmans,* 26. Kan. 522; *Morton* v. *Reynolds,* 4 Rob. (La.) 26.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion. of the court.

The purpose of this action is to obtain a decree quieting the title to the use of the waters of Mill creek in Madison county. The plaintiff asserts the right to the prior use of these waters to the amount of five hundred inches to irrigate the west half of the southwest quarter of section 33, township 4 south of range 5 west, and lots 1, 2 and 3, and the south half of the northeast quarter of section 4, township 5 south of range 5 west, the said lands being arid, and requiring the use of water to render them productive. He alleges two causes of action, the first being based upon the adverse use of the waters from 1888 down to the date of filing the complaint, and the second upon mesne conveyances from Sargent Hall and Joseph Cowan, who first diverted and appropriated the waters for the purpose of irrigating the lands described and others. The defendant Hermsmeyer also claims under mesne conveyances from Hail and Cowan, and alleges the right to the prior use of the waters to the amount of three hundred inches to irrigate the west half of the southeast quarter, and the east half of the southwest quarter of section 33, township 4 south of range 5 west. The claim of Cock is based upon a conveyance by Minnie O. Foster, as administratrix of the estate of Thomas J. Foster, of the east half of the southeast quarter of section 32, township 4 south of range 5 west. McCrea disclaims any interest in the subject of the controversy, he being a tenant of Hermsmeyer.

The district court found that the parties are tenants in common in the Hall and Cowan ditch and the waters diverted thereby, that the plaintiff is entitled to the use of two hundred inches, and that the defendant Cock and Hermsmeyer are each entitled to the use of fifty inches, these amounts being declared to be all that is required for use by the respective parties. A decree was entered settling the rights accordingly, and directing further that, in case the waters flowing in the stream should at any time fall below the measurement of three hundred inches, the parties should be entitled to use them in quantities in proportion of their respective rights so declared. From the judgment and an order denying him a new trial, defendant Hermsmeyer has appealed.

There is no controversy but that the rights of the parties as to priority must be determined by the connection shown by them with the Hall and Cowan appropriation. This was made in 1865, and for the purpose of irrigating lands now owned by the plaintiff and defendant Hermsmeyer. One Thomas J. Foster succeeded to Hall and Cowan in 1866. From that time he cultivated all of the lands owned by the defendant Hermsmeyer in section 33, as well as those owned by the plaintiff. He also cultivated a portion of those owned by plaintiff in section 4. All of them were at that time unpatented public lands. Title to those in sections 33 and 32 were afterward obtained by Foster through patents from the United States. Patent to those in section 4 was obtained by one Minnie O. Smith, who afterward became the wife of Foster. Upon his death she administered upon his estate, and, under the direction of the probate court sold all the lands belonging to Foster in sections 33 and 32, except the west half of the southwest quarter of section 33. Defendant Hermsmeyer became the owner of those in section 33 by mesne conveyance, together with the water rights and ditches belonging to it. Thus his title is connected directly with the Hall and Cowan right. In fact, there is no controversy but that this is the case, the dispute being as to whether he is the successor to the whole of the Hall and Cowan right.

On June 13, 1888, upon application of Minnie O. Foster, the probate court set aside to her as a homestead the west half of the southwest quarter of section 33, together with the water rights, ditches and appurtenances thereunto appertaining. The same court, also on September 3, 1888, made and entered a decree declaring her entitled to a conveyance of three hundred inches of the waters of Mill creek to irrigate the lands belonging to her in section 4. This decree was based upon an application to the court by her, in which she set up an agreement between herself and Thomas J. Foster prior to their marriage, under the terms of which, and upon the payment of $100, Foster agreed to convey to her, that amount of water,

together with an interest in the ditch. In the same decree it was ordered and adjudged by the court that two hundred inches more of the waters be set apart to her specially for the irrigation of the land in section 33 set apart to her as her homestead. The decree also directed that, inasmuch as it appeared to the court that the administratrix had sold all of her interest in the waters to Lewis Bullerdick, the plaintiff herein, the conveyance thereof should be made to him. This was afterward done. Minnie O. Foster also conveyed to the plaintiff her homestead in section 33 and all the lands owned by her in section 4. Upon these proceedings, as well as upon his continued use of the water from the date at which they took place until the complaint was filed in this case, the plaintiff asserts the right to a prior use of five hundred inches. In the court below, objection was made to the introduction of the proceedings in the probate court as evidence of plaintiff's title to an interest in the water, and this objection presents the principal question for determination upon this appeal.

The contention is made that the action of the probate court in setting aside the homestead was without jurisdiction, and therefore that the deed to the homestead from Minnie O. Foster to plaintiff conveyed to him no right to the use of water. This contention cannot be sustained. The statute in force at that time (Compiled Statutes, 1887, Second Division, section 134) made it the duty of the probate court or judge, upon the coming in of the inventory, to set aside to the surviving husband or wife, or minor children of the decedent, all exempt property, including the homestead selected and recorded during the lifetime of the decedent. If none had been so selected and recorded, then it was the duty of the judge to select and set apart one from the state of the decedent, and have it recorded. In either case the proceeding was upon petition, or upon the court's or judge's own motion. Thereupon the homestead so selected became the property of the surviving husband or wife and children, or, if there were none, then exclusively of the surviving husband or wife. (Id., sec. 137.)

Foster had no children; therefore the fee of the homestead vested in his widow. It does not appear distinctly whether the court or judge acted upon petition or not. We do not think this material. It was sufficient that the land in question was set apart to her by the court or judge as her homestead. She thereupon had a right to convey it, and her grantee became vested with the fee. The conveyance by Minnie O. Foster to the plaintiff, therefore, necessarily vested him with whatever right she had to the use of water which was appurtenant to the homestead, together with the means of use. (*Sweetland* v. *Olsen,* 11 Mont. 27, 27 Pac. 339; *Tucker* v. *Jones,* 8 Mont. 225, 19 Pac. 571.) To what extent the use of water was appurtenant is not stated in the deed, and must be determined by reference to the evidence; for when the deed does not specify the particular appurtenant right alleged to have been conveyed by it, extrinsic evidence must be resorted to in order to establish it. (*Hays* v. *Buzzard et al.,* 31 Mont 74, 77 Pac. 423.) What the evidence tends to establish with reference to the use of the waters and ditch in connection with the homestead, we shall see later.

Contention is also made that the decree of the probate court of September 3, 1888, setting apart the two hundred inches of the waters for use upon the homestead, and directing the conveyance of three hundred inches under the contract made by Minnie O. Foster with Thomas J. Foster in his lifetime, is void upon its face, and that Bullerdick, the plaintiff, acquired no right under the conveyance made in pursuance of it. The validity of the decree is challenged upon several grounds. It will be necessary to notice but one of them. It does not appear from the petition that the agreement was in writing. This fact, it is said, is jurisdictional. The proceeding was instituted under section 236, Second Division, Compiled Statutes of 1887, which provides: "When a person who is bound by contract, in writing, to convey any real estate, dies before making the conveyance, and in all cases where such decedent, if living, might be compelled to make such conveyance, the pro-

bate court may make a decree authorizing and directing his executor or administrator to convey such real estate to the person entitled thereto." It may well be doubted whether, under the provisions of the Organic Act, the legislature could clothe probate courts with equitable power such as that granted by this section. (*Ferris* v. *Higley,* 20 Wall. 375, 22 L. Ed. 383.) But this question is not before us, and need not be decided.

The supreme court of California considered an identical provision in *Cory* v. *Hyde,* 49 Cal. 469, and held that notwithstanding the words, "and in all cases where such decedent, if living, might be compelled to make such conveyance," the power of the probate court to enforce conveyances under it must be limited to such contracts as are in writing. After noting the fact that the words quoted had been inserted by way of amendment to the section as it appeared in the former Code of the state, the court observes: "But if the words of the amendment enlarge the jurisdiction, they cannot be limited to conferring a power to decree specific performance in cases of oral contracts for the sale or purchase of lands, where there has been such part performance as destroyed the *status quo,* but must be held to transfer to that court a vast equitable jurisdiction in respect to trust estates and matters of fraud, much of which cannot be said to be auxiliary to the settlement of estates. We cannot suppose that it was the purpose of the legislature to confer these powers on the probate court by the use of language which does not distinctly avow such purpose, and which may fairly be construed to indicate a different intention." The court here recognized the rule, well settled in this state, that probate courts, or district courts sitting in probate, have but a special, limited jurisdiction, and that their powers are such as expressly granted by the statute, or necessarily implied to give effect to those expressly granted. (*State ex rel. Kelly* v. *District Court,* 25 Mont. 33, 63 Pac. 717; *State ex rel. Shields* v. *District Court,* 24 Mont. 1, 60 Pac. 489; *Davidson* v. *Wampler et al.,* 29 Mont. 61, 74 Pac. 82.)

If the rule declared in the case of *Cory* v. *Hyde, supra,* be

correct—and we think it is, for we do not think the statute expressly declares, or even implies necessarily, that the power granted extends to oral contracts—the petition, in order to put in motion the power granted, must have shown that the contract was in writing. The petition filed by the administratrix does not show on its face that the contract was in writing, but rather implies the contrary. The court, therefore, was without power to proceed, and the order was not effective for any purpose. The district court, therefore, erred in admitting this evidence for the purpose of giving validity to the deed to the three hundred inches of water from Minnie O. Foster to Bullerdick. Nor did the decree, so far as it purported to set apart the two hundred inches for use upon the homestead, have any validity. The proceeding was under the statute to enforce the specific performance of the contract, and the petition did not ask for or contemplate any other relief. The provision seems to have crept into the decree by inadvertence.

Counsel for respondent, however, say that it was not necessary under any circumstances to allege that the particular contract was in writing, since the presumption obtains that a contract has been executed with the formalities required by law, unless the contrary appears. This is the rule in this state in ordinary suits founded upon contract. Yet, where the court is of limited jurisdiction, and its power to proceed depends upon express provisions of a statute, it is necessary for the application to present a case falling within them, else the power of the court is not put in motion, and any adjudication made in the proceeding founded upon an application not setting forth the jurisdictional facts must necessarily be void. The decree being void for want of jurisdiction in the court at the time of its rendition, the Act of 1899 (Session Laws 1899, p. 145) could not render it valid. (*Davidson* v. *Wampler et al., supra.*) The decree, therefore, vested no title in the plaintiff, who became the grantee of the administratrix. But though this be true, yet we are of the opinion that the judgment of the district court should not be set aside entirely. We think that

this court may adjust the rights of the parties upon the facts presented in the record.

All the parties claim title from a common source, namely, the Hall and Cowan appropriation of 1865. Foster, after acquiring this right, used the water upon all the lands described in the pleadings according to their needs. The ditch first constructed by Hall and Cowan was used to convey all the waters of the creek—never in excess of three hundred inches during the summer season—to the lands owned by Foster as well as to those owned by Minnie O. Foster in section 4. This use by him upon the lands of Mrs. Foster did not necessarily make the waters, or any part of them, appurtenant thereto. He had the title to the use of the water, and it was appurtenant to the lands owned by him; she had title to the lands, and there is nothing in the record to indicate an intention on the part of Foster to make these waters, or any portion of them, appurtenant to his wife's lands. Being appurtenant to the lands owned by him, and the parties having acquired them in separate parcels, they each became vested with an interest in the water, measured in amount by the requirements in each case, whether they may technically be designated as tenants in common or not. So the parties continued to use the waters until this controversy arose out of an attempt on the part of Hermsmeyer to lease them to his tenants, to be used on lands owned by them. Up to about the time this controversy arose his use was confined to an amount not to exceed fifty inches, because his lands did not, and do not, require water except upon a small area not exceeding twenty-five acres. So Cock was awarded fifty inches, because only that amount was necessary to meet his requirements, as shown by his use of it since he purchased his portion of the Foster land.

In so far as the homestead in section 33 is concerned, the plaintiff's title to use his share of the water is of the same age and dignity with that of the other parties. The evidence tends to show that this land needs, and always has needed, more water than any of the other lands, and that a greater

amount has been used on them. It appears that the home-
stead has been cultivated to the extent of seventy acres, and
that one inch per acre is required. As to the use by plain-
tiff upon the Minnie O. Foster lands, since plaintiff has failed
to connect his title with that of Foster, but yet has shown a
use from the main ditch through a lateral since September 3,
1888, the date of the decree of the probate court, this should
be held to be an original appropriation as of that date.

It thus appears that the amount awarded to him by the dis-
trict court was correct, but that the court was in error in find-
ing a greater amount than seventy inches derived from the
Hall and Cowan appropriation. The court should have found
and declared him entitled only to this amount as the successor
of the Hall and Cowan right, and of the remainder as of the
later date.

We do not think that the evidence would warrant a finding
that the plaintiff has acquired a right to the use of all the
waters of the stream by adverse use since 1888. It is true
that the evidence shows that during many of the intervening
years he used them exclusively. But it also shows that, during
the years when the defendants cultivated their lands and
needed the waters, they used them to the extent deemed neces-
sary. At best, during many of the years from 1888 to the
bringing of this action, the possession was a scrambling one,
and the use by any of the parties was not so continuously and
exclusively adverse for the statutory period as to create a
right thereunder. We understand the rule to be that, in or-
der to acquire a right by prescription against the owner of
real estate, the holding must be open, notorious, exclusive and
adverse under a claim of right during the full statutory
period. In other words, the use must be such as to constitute
an invasion of a right which the owner may at any time as-
sert but fails to do so until the full statutory period has passed.

The use of the waters in the streams in this state is declared
by the Constitution to be a public use. (Constitution, Art.
III, sec. 15.) Such being the case, every citizen has a right

to divert and use them, so long as he does not infringe upon the rights of some other citizen who has acquired a prior right by appropriation.    Each citizen may divert and use them without let or hindrance when no prior right prevents.    When his necessary use ceases, he must restore them to the channel ·of the stream, whereupon they may be used by any other person who needs them.    In no case does such use become adverse until some superior right is infringed and the owner of it suffers deprivation.    If it becomes and continues adverse and exclusive for the full period prescribed by the statute, and the owner suffers the consequent deprivation, such use ripens into .a right by prescription.

The order denying a new trial is affirmed.    The cause is remanded to the district court with directions that the decree be modified as follows: That the plaintiff and defendant Hermsmeyer be adjudged entitled to the use of seventy and fifty inches, respectively, as of the date of July, 1865, with- ·out right of priority as against each other or defendant Cock; that the plaintiff be adjudged to be entitled to the use of the remaining waters of Mill creek, to the extent of one hundred .and thirty inches, as of the date of the sale by Minnie O. Foster, as administratrix, on December 24, 1888; and that, if the quantity flowing in the stream shall decrease at any time to less than one hundred and seventy inches, the plain- tiff shall be entitled to use seven-seventeenths, and the defend- ·ants Hermsmeyer and Cock each to five-seventeenths, thereof. When so modified, the decree will be affirmed.    The appellant will pay one-half the costs of the appeal.

*Modified and affirmed.*

MR. JUSTICE HOLLOWAY concurs.

MR. JUSTICE MILBURN: I concur, except as to that part ·of the opinion which assumes that a water right may be ac- quired by "adverse user" (dissenting in *Talbott* v. *Butte City M. Co.,* 29 Mont. 27, 73 Pac. 1111).