## CONE et al. v. BLAIR.

No. 16880.    Opinion Filed June 28, 1927.

(Syllabus.)

1. **Executors and Administrators—Conveyance Pursuant to Enforceable Contract Made by Decedent.**

Under section 1306, C. O. S. 1921, a county court is without authority to order an executor or administrator to convey real estate belonging to the estate of deceased unless the contract for said conveyance is in writing and could be enforced against the decedent, if living.

2. **Same—Validity of Reconveyance by Administrator of Land Held by Decedent Under Executory Contract of Sale—Lack of Equity in Attack by Heir Against Deed.**

Where one holding the legal title to real property under an executory contract of purchase dies before the contract is executed on his part, and the administratrix of his estate, in pursuance of an order of the county court having jurisdiction of the estate and in consideration of the return to her of the down payment and the outstanding notes by the decedent's grantor, reconveys the land to the grantor, a suit in equity commenced by the heirs more than eight years thereafter to set aside the administratrix's deed and for possession upon the ground that the county court was without jurisdiction to make such order and without tendering or offering to pay the purchase price, or any part thereof, cannot be maintained for want of equity, where there was no fraud and the settlement was to the best interest of the estate.

Error from District Court, Beaver County; Arthur G. Sutton, Judge.

Action by Nellie J. Cone, Jean M. Cone, guardian, for Jimmie I. Hammonds, Richard F. Hammonds, Johnson W. Hammonds, and Retta F. Hammonds, minors, against Thomas H. Blair. Judgment for defendant, and plaintiffs appeal. Affirmed.

Dickson & Dickson, Allen & Allen, and Mauntel & Spellman, for plaintiffs in error.

Madden, Adkins & Pipkin, Stacey Wells, and Loofbourrow & Loofbourrow, for defendant in error.

PER CURIAM. This suit was commenced by Nellie J. Cone, formerly Nellie J. Hammonds, wife of J. F. Hammonds, deceased, and Jimmie I. Hammonds, Richard F. Hammonds, Johnson W. Hammonds, and Retta F. Hammonds, minor children of Nellie J. Cone and J. F. Hammonds, deceased, by their guardian, to recover a quarter section of land in Beaver county, and to cancel and set aside an administratrix's deed executed by Nellie J. Hammonds, administratrix of the estate of J. F. Hammonds, deceased, to W. S. Hubbs and to cancel and set aside a deed from W. S. Hubbs to Thomas H. Blair.

The facts are: That in 1912 W. S. Hubbs and J. F. Hammonds entered into an oral contract for the sale by Hubbs to Hammonds of the quarter section of land here involved for the agreed consideration of $2,000, $300 to be paid in cash, and $1,700 to be evidenced by promissory notes secured by a mortgage on another quarter section of land then owned by Hammonds. It appears that the deed from Hubbs to Hammonds was delivered, and the $300 paid, and Hammonds and his wife executed four notes aggregating $1,700, and a mortgage upon the quarter section of land agreed upon to secure payment and sent them to Hubbs, who, for some reason, returned the mortgage to Hammonds for correction. Hammonds died without having returned the mortgage to Hubbs. Hubbs, on learning of the death of Hammonds, went from his home in Texas to see Mrs. Hammonds at her home in Beaver county, for the purpose of getting the mortgage. Mrs. Hammonds, for some reason not disclosed by the record, was unable to deliver the mortgage. Mrs. Hammonds then proposed to Hubbs that he take the land back, as she did not think she was able to pay the $1,700. Hubbs agreed to take the land back, and also to return to her the $300 paid by Hammonds in his lifetime.

Mrs. Hammonds was appointed administratrix of her deceased husband's estate, and on the 14th day of August, 1913, filed her inventory and appraisement of the estate, which included the land here in controversy appraised at $1,325.

Pursuant to the agreement entered into

between Hubbs and Mrs. Hammonds, Hubbs filed in the county court his petition designated "petition to enforce contract for conveyance," in which he set out the agreement to convey between him and Hammonds. as above set out, and alleged that the contract was in all respects executed except the delivery of the mortgage; and further alleged that J. F. Hammonds and his wife, Nellie Hammonds, agreed in the alternative to deliver the mortgage, or warranty deed, back to him, and that the mortgage was never delivered. He then alleged that he was ready and willing to comply with his part of the contract, either as originally made with J. F. Hammonds and Nellie Hammonds, or with modification and change agreed upon between him and Nellie Hammonds, as shown by her affidavit, a portion of which was there set out, and prayed that after due notice and upon hearing, the court authorize and direct Nellie Hammonds, the administratrix of the estate, either to carry out the original contract and execute and deliver a mortgage on the land there described. or that, in the alternative she execute and deliver a good and sufficient warranty deed for the land here in controversy to him, W. S. Hubbs, upon the payment back to her by him of the $300 paid by Hammonds as a part of the purchase price.

April 7, 1914, the county court entered an order directing the administratrix to convey the land by warranty deed to Hubbs. the original grantor. Pursuant to that order, Nellie J. Hammonds executed her deed as administratrix to W. S. Hubbs in the form of a warranty deed, which was delivered and filed for record in Beaver county. While these proceedings were pending to enforce the contract for conveyance by the administratrix to Hubbs, Hubbs entered into negotiations with Thomas H. Blair to sell the land to him, and, after the deed was executed to him by the administratrix, he sold and deeded the land to Blair for $1,200.

It was stipulated at the trial that the defendant. Thomas H. Blair, was not a party to and had no knowledge of the transaction had between W. S. Hubbs and Nellie J. Cone, administratrix of the estate of J. F. Hammonds. deceased excepting constructive notice contained in his chain of title.

The trial court was of the opinion that Nellie J. Cone. the surviving wife. was estopped and barred by her deed and that her cause of action did not accrue with'n a period of five years next preceding the commencement of the action, and the same was barred by the statute of limitation; that

the proceedings in the county court, by which the administratrix was required to execute a warranty deed to W. S. Hubbs, her deed to Hubbs, and the deed from Hubbs to Blair, were void; that the minor heirs should account for the rents and profits; and entered judgment against the plaintiff, Nellie J. Cone, and in favor of the defendant, as to a one-third interest in the land, and for the minor heirs, and against the defendant Blair, for a two-thirds interest conditioned that they pay to the defendant, Blair, the amount of the benefits received by the cancellation of the $1,700 note and the return of the $300 paid. less the rents and profits received by the defendant, Blair, during the eight years he had been in possession, fixed in the judgment as $1,165.95, with interest at 6 per cent. from date until paid; and that if that sum be not paid on or before the 1st day of June, 1926, that they, the minor heirs, be barred from all right, title, and interest in and to the premises, and that the title of the defendant, Blair, be quieted and confirmed. From that judgment the plaintiffs, Nellie J. Cone. and the minor heirs, by their guardian, have appealed, and present their argument for reversal under one proposition:

"Plaintiff in error contends that the defendant, Blair, has no right or title to the land in controversy for the reason that the pretended deed from the administratrix is null and void."

Under this proposition it is contended that the probate proceedings referred to are void upon the ground that the contract between Hubbs and Hammonds for the sale of the land to Hammonds was not in writing.

It is apparent that the county court proceeded under article 9, chapter 5, C. S. 1921. The first section of that article being general, section 1306 reads:

"Section 1306. When a person who is bound by contract in writing to convey any real estate, dies before making the conveyance and in all cases when such decedent, if living, might be compelled to make such conveyance, the county court may make a decree authorizing and directing his executor or administrator to convey such real estate to the person entitled thereto."

We think the contention that this section does not confer upon the county court power and jurisdiction to decree an executor or administrator to convey real property. except where decedent had bound himse : by contract in writing to convey must be sustained. See Cory v. Hyde, 49 Cal. 469.

In the instant case there was no pretense that the transaction attacked was a judicial sale. The property was not offered for sale

to the public. There was no confirmation of a sale. It is clear from the record that the purchase price was never paid for the land involved herein.

The $2,000, purchase price of said land, was never paid by Hammonds to Hubbs. Hubbs had a lien on said real estate which he could have enforced for the purchase price. Failing to do this, he entered into the agreement as herein stated.

The act of the county court in ordering the deed executed by the administratrix of the estate of Hammonds was without authority of law and conveyed no title. Mrs. Hammonds, one of the plaintiffs herein, did not offer to return or pay the purchase price for said property.

This case was tried upon the theory that it was a suit in equity and the parties thereto agreed in the belief that it was an equitable action.

We are therefore of the opinion that the court did not err in holding that Mrs. Hammonds was estopped to ask for the return of said property upon the sole grounds that J. F. Hammonds, at the time of his death, held the legal title thereto.

As there is no cross-appeal, the judgment in favor of the minors in the lower court must stand.

Finding no error, the judgment of the trial court is affirmed.

Note.—See 24 C. J. p. 152, §628; 11 R. C. L. p. 163; 2 R. C. L. Supp. p. 1216; 4 R. C. L. p. 702; 5 R. C. L. Supp. p. 601.