## BLAIR v. CONE, Gd'n.

No. 21095.    Opinion Filed July 19, 1932.

Ross Rizley, R. T. Correll, and F. E. Riddle, for plaintiff in error.

Dickson & Dickson, and Mauntel & Spellman, for defendant in error.

CULLISON, J. The guardian of the Hammonds minors, as plaintiff, instituted suit in the district court against defend-

ant, Blair, seeking to partition certain real property located in Beaver county, Okla., and for an accounting of the rents accruing from said land. Defendant answered, denying the plaintiff's petition and specifically alleged that the plaintiff had no rights, title, or interest in the land in controversy. The cause was tried to the court, and from a judgment favorable to plaintiffs, defendant appeals. The parties will be referred to as they appeared in the trial court.

The record discloses that the land in controversy was a quarter section of land located in Beaver county, Okla. The title to said land was litigated in a former suit, appealed to the Supreme Court, and decided by this court in Cone v. Blair, 125 Okla. 270, 257 P. 782. The only part of the former judgment that affects this case was that portion of the judgment wherein the trial court directed that the minor heirs have and recover from defendant, Blair, an undivided two-thirds of the land in controversy upon the condition that said minor heirs pay to Blair the sum of $1,165.99 on or before June 1, 1926, and if said minor heirs failed to pay said sum of money on or before the date specified, they would lose all right and title in and to said land.

The record further discloses that judgment in the former case was rendered in December, 1923, appealed to this court and pending herein on June 1, 1926, final date for payment of said funds, and that said cause was not finally decided by this court until in June, 1927. That the mandate was received and filed in the court clerk's office July 16, 1927, ordered spread of record on August 9th, thereafter, and on the 18th day of August, 1927, plaintiffs institute the suit at bar, seeking to partition the land and for an accounting of the rents.

In the suit at bar, plaintiff further pleaded that defendant received a large sum of money as rental from said land, and that if said amount is not sufficient to liquidate the judgment in favor of defendant, plaintiff tenders said amount into court for the use of defendant.

Said cause was tried by the court and partition ordered therein. The court heard the evidence on the accounting, and after consideration of all the evidence in said accounting matter, found that the amount of rents collected by defendant and now due plaintiff, less the taxes paid by defendant on said land, when applied to the amount due from plaintiff to defendant as found in the former suit, left a balance in favor of defendant in the sum of $50.

Defendant appeals to this court from the judgment partitioning the land and on the accounting of the rents and profits. Defendant first discusses the question of the propriety of the decision made by this court in the case of Cone v. Blair, 125 Okla. 270, 257 P. 782. Suffice it to say, that the decision rendered by this court, supra, touched upon the title to the property under consideration and all matters decided in said cause became final and binding, and we will not now review said opinion or attempt in any wise to change the decision of the court as rendered therein.

Defendant's next assignment of error is:

"The trial court in cause No. 2915 having rendered judgment decreeing the minor heirs entitled to two-thirds interest in the land involved, upon the condition precedent that they pay to the defendant Blair $1,165.99 on or before June 1, 1926, and if not paid they be barred from all right, title, and interest, and the title be quieted in Blair; this judgment having been affirmed by this court and the evidence is undisputed that said amount was neither tendered nor paid, it was the plain duty of the trial court to enforce the mandate of this court, and it was error to overrule the demurrer to the petition of plaintiffs; it was further error to render judgment in favor of plaintiffs and against the defendant."

To which assignment of error plaintiff makes the following reply in his brief:

"That inasmuch as these minor plaintiffs were represented by their guardian, Jean M. Cone, and said appeal taken and prosecuted by him as such guardian, and having given bond as such guardian under the plain terms of section 819, C. O. S. 1921 [O. S. 1931, sec. 565], this appeal operated as a supersedeas and stayed the operation of the judgment pending the appeal."

In our consideration of said assignment of error, we will note the following pertinent facts relative to whether or not the minor plaintiffs forfeited their right to the land by not paying defendant, Blair, $1,165.99 on or before June 1, 1926.

The case was tried in the district court and judgment rendered favorable to the minors prior to 1926. Said judgment was appealed to the Supreme Court. The minors were under guardianship and the proceedings were instituted by their guardian. The guardian was under bond as such and under section 819, C. O. S. 1921 [O. S. 1931, sec. 565], executors, administrators, and guardians, who have given bond in this state, with surety, according to law, are not required to give an undertaking on appeal or proceedings in error. Twin State Oil Co. v. Johnson, 72 Okla. 174, 179 P. 605.

This superseded the judgment until said case was finally decided. The cause was decided and mandate ordered spread of record on August 9, 1927, and on August 18, 1927, the minors instituted the suit at bar asking for an accounting of the rents and profits due them from said land, and if the amount due as rents and profits was not sufficient to pay the amount due from said minors to the defendant, Blair, under the former judgment of said court, said minors tendered such balance into court.

We further observe that defendant held in his possession all of the rents from plaintiffs' portion of the land. That after the accounting had been had, the court found that defendant had in his possession sufficient money derived from the rentals to pay plaintiffs' part of the taxes, interest, and principal on the judgment of $1,165.99, less $50, and the court ordered that plaintiff pay $50 to settle all of said amounts.

We further observe that plaintiff made a tender in the petition of such amount as should be found due, if any.

We do not consider that plaintiffs forfeited their rights to the property because payment was not made of the amount found to be due by the trial court on or before the date specified in the judgment, because the case was pending in this court on appeal at that time, and the judgment was suspended until the case was finally decided by this court.

The trial court heard this cause and made its findings therein favorable to plaintiffs. We have examined the evidence as disclosed by the record and find that the same amply sustains the judgment of the trial court.

We therefore hold that the judgment of the trial court should in all things be affirmed.

RILEY, HEFNER, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and McNEILL, J., absent.