STEELE et al. v. MAYNARD, Ex'r, et al.

No. 29733.    Oct. 29, 1940.

*109 P. 2d 500.*

A. N. Boatman, of Okmulgee, for plaintiffs in error.

John L. Maynard, of Okmulgee, and Hal C. Thurman and Harold C. Thurman, both of Oklahoma City, for defendants in error.

PER CURIAM. The plaintiffs in error, hereinafter referred to as plaintiffs, instituted this action against the defendants in error, hereinafter referred to as defendants, to recover damages alleged to have been sustained as a result of the prosecution of an appeal from a judgment by the executor in his representative capacity.

The petition of plaintiffs alleged, in substance, that in a certain action pending in the district court of Okmulgee county wherein John L. Maynard, executor of the estate of Charles E. Douglas, deceased, was plaintiff and the Central National Bank of Okmulgee and Irene Taylor were defendants, the said Irene Taylor was adjudged to be the owner of a certain bank deposit there in controversy; that the said executor prosecuted an appeal to this court, where the judgment was affirmed (Maynard, Ex'r, v. Central Nat. Bank of Okmulgee, 185 Okla. 272, 91 P. 2d 653); that plaintiffs (who had acquired said deposit from Irene Taylor) by rea-

son of the delay occasioned by said appeal had been deprived of the use of the money represented by said deposit, and were therefore entitled to interest on said sum at the legal rate during the period of its detention, and that by reason of the fact that said appeal had been prosecuted by an executor, the judgment had been thereby superseded during the appeal, and that therefore said executor and the surety on his official bond were liable to the plaintiffs for the detriment which they had sustained. Separate demurrers of the defendants were sustained to said petition; plaintiffs elected to stand on their petition, and thereupon the action was dismissed. The plaintiffs have perfected this appeal and urge, first, that all facts properly pleaded in their petition were admitted by the demurrers of defendants; and, second, that the petition of plaintiffs stated a cause of action against the defendants and each of them.

The soundness of the first proposition is conceded and requires no discussion. The decisive issue is presented by the second proposition; thereunder the plaintiffs urge that since by statute (section 565, O. S. 1931, 12 Okla. St. Ann. § 985) executors, etc., may appeal in their representative capacities without giving a bond, and that where an appeal is so taken that it operates to supersede the judgment (Twin State Oil Co. v. Johnson, 72 Okla. 174, 179 P. 605; Blair v. Cone, 158 Okla. 234, 13 P. 2d 128) it therefore follows that the bond given by the executor upon his appointment becomes a supersedeas bond in every case where such executor prosecutes an appeal on behalf of the estate represented by him. No authority is cited in support of the precise point sought to be made. Plaintiffs, however, cite Lowe v. City of Guthrie, 4 Okla. 287, 44 P. 198; National Surety Co. v. Craig, 94 Okla. 63, 220 P. 943; New York Casualty Co. v. Wallace & Tiernan, Inc., 174 Okla. 278, 50 P. 2d 176, which hold that executors' bonds and supersedeas bonds are statutory bonds and are to be construed and enforced in the manner provided by statute, and by analogy seek to interpret such holdings to mean that such executor's bond becomes a supersedeas bond by operation of law when an appeal is prosecuted by an executor. This interpretation cannot be sustained. The condition of the bond of an executor is that he shall faithfully execute the duties of his trust according to law (section 1159, O. S. 1931, 58 Okla. St. Ann. § 173); therefore, when in the course of administration of an estate represented by him it becomes necessary or advisable to take an appeal from a judgment rendered against such estate, it is the duty of the executor to prosecute such appeal, and he cannot thereby become personally liable in the event such appeal proves to be unsuccessful, and a fortiori the surety on his official bond cannot become liable. The reason behind this statute which permits an executor to take an appeal in such cases and to exempt him from any personal liability has been explained in Kerr v. Lowenstein, 65 Neb. 43, 90 N. W. 931, wherein the court said:

"The uniform rule of the courts has been that an administrator or executor, who has appealed as such from a judgment affecting him in his representative capacity, has a right to prosecute error or appeal to the courts of last resort without giving an additional bond or undertaking, and that the judgment appealed from is superseded during the pendency of the appellate proceedings. The rule is based in sound reason that an administrator or executor who has given a bond as such sustains a trust relation; that, appealing from a judgment affecting the trust, he acts in a fiduciary capacity; that he is liable upon his bond for any misfeasance, and that it is not necessary for him to give other or additional bond in every successive step necessary to be taken in the administration of the estate; that where, in his judgment, the interest of the estate requires him to appeal, the duties imposed by his trust are not discharged unless he prosecutes such appeal. Any other rule would lead to hardship, and might result in disaster to the estate. A timid administrator, especially in cases of doubt, would naturally shrink from assuming personal liability as im-

posed by an appeal bond, rather than subject questionable claims to the scrutiny of the courts. Moreover, the bonds required of ordinary litigants, particularly in judgments for the recovery of money, require the appellant to pay or satisfy such judgment as may be rendered against him by the appellate court. Suppose, in the case of an administrator, that the estate he represents were insolvent, and only a per cent. of the claims against it could be paid, and such administrator were required to give the bond above referred to in double the sum of the judgment, and the appellate court affirmed the judgment, it might result in his being obliged to pay such claims in full, to the exclusion of all other claims; or it might result in the sureties on his bond being obliged to pay more than their principal, as administrator, would have been called upon to pay."

From what has been said, it is apparent that the petition of plaintiffs seeking to hold the defendants personally liable for detriment alleged to have been sustained by them as a result of the act of the defendant John L. Maynard in his representative capacity did not state a cause of action against either of the defendants, and that therefore the trial court did not err when it sustained the demurrers of said defendants to the petition of plaintiffs.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, DAVISON, and NEFF, JJ., concur.