## SUPREME COURT.

ANDREW WHITE, Receiver, &c. of the Canal Bank of Albany, agt. JAMES KIDD.

*Irrelevant or redundant matter in a pleading must be such as cannot be reached by demurrer, and also prejudicial to the adverse party, to authorize it to be stricken out under the 160th section of the code.*

*Albany Special Term, August 7,* 1849.—This was a motion to strike out a part of the defendant's answer, upon the ground that it is irrelevant and redundant. The action is brought upon two checks upon the Mechanics' and Farmers' Bank, alleged to have been made and delivered by the defendant to the Canal Bank, one on the 5th of October, 1844, and the other on the 13th of October, 1845. The complaint states that the checks were held and owned by the Canal Bank, until the plaintiff was appointed receiver of its effects on the 17th of July, 1848, and that on the 15th of August, 1848, the checks were presented to the bank upon which they were drawn, and payment demanded and refused.

Among other grounds of defence stated in the answer, the defendant states, in substance, that, in October, 1845, the defendant sold and conveyed to Theodore Olcott, the cashier of the Canal Bank, certain real estate, in consideration of which he agreed to pay the checks—that he then was, and continued to be solvent and in good credit, until the first of January, 1848, prior to which time, the amount of the checks might have been collected of him at any time—that since that time he has become insolvent, and, by reason of the omission of the Canal Bank to present the checks for payment, the defendant "has suffered actual loss, and been otherwise damaged," and he insists that he is thereby released from his liability to pay the checks. This part of the answer the plaintiff alleges to be irrelevant and redundant.

H. H. MARTIN, *for plaintiff.*

J. K. PORTER, *for defendant.*

HARRIS, Justice.—Three modes are provided in the code by which a

plaintiff may get rid of matters improperly inserted by the defendant in his answer. If it be clear that the answer contains no defence to the action, the plaintiff, under the 247th section, may, at once, apply for judgment, on the ground that the answer is frivolous. If several defences are set up in the answer, of which some do, and others do not, constitute a good defence, the plaintiff may, under the 153d section, put in issue the truth of such defences as he deems sufficient if sustained by proof, and, by demurrer, deny the sufficiency of the other defences, even if true. Again, if, in stating a defence, irrelevant or redundant matter be inserted with that which is material, so that it can not be reached by a demurrer, the 160th section provides that it may be stricken out, upon motion, when the plaintiff would be prejudiced by suffering it to remain in the answer. This is the chief, if not the only object of the authority given in the first clause of the section last mentioned. I do not say that a case might not be presented where several defences might be set up, one of which should be so utterly frivolous as to justify an application to strike it out, without putting the plaintiff to his demurrer. But, ordinarily, when one good ground of defence is contained in the answer, so that the plaintiff can not apply for judgment on the ground that the whole answer is frivolous, I think the true mode of determining whether any particular defence is sufficient should be by the demurrer. The true office of the motion authorized by the 160th section, is to reach matter improperly inserted in a pleading and which can not be reached by a demurrer. Without deciding, therefore, whether the allegations in the answer sought to be stricken out, do or do not constitute a defence, I think the motion thould be denied. The plaintiff may have ten days further time to demur or reply, if he shall elect so to do. Neither party should have costs upon this motion.