BOLINGER v. HENDERSON.

1. Taxes and tax sales: REDEMPTION. Where a petition to redeem a lot from a tax sale under which the period of redemption had expired, alleged that the plaintiff upon learning that his lot had been sold for delinquent taxes, applied to the clerk and informed him that he desired to redeem the same from all tax sales, whereupon the clerk issued to him a certificate of redemption from a sale made subsequent to the sale in question, and assured him that was all there was against the lot, it was *held*, that the facts averred would not entitle the plaintiff to redeem from, nor affect the rights of, an innocent purchaser of said lot.

2. —— GENERAL OFFER TO REDEEM. A general offer to pay all taxes in arrear or to redeem property sold at tax sale without offering any specific amount or requesting to redeem from the specific tax sale in question, is not sufficient to entitle a party to relief as against an innocent purchaser.

3. Pleading and practice: REDUNDANT MATTER: REMEDY. A motion under section 2946 of Revision of 1860, and not a demurrer, is the proper remedy to purge a petition, good in part, of statements of redundant or irrelevant matter.

*Appeal from Marshall District Court.*

WEDNESDAY, JULY 31.

THIS is an application in equity to redeem lot 5, in block 21, in Marshalltown, from a tax sale made in 1862, for the delinquent taxes of 1861, and also to remove a cloud, etc. The defendant, holding the title as well as the possession under said sale, is made a party; and upon his motion, a certain portion of the petition was stricken out as containing irrelevant and redundant matter. From this action of the court the appeal comes.

*L. W. Griswold* for the appellant.

*Boardman & Brown* for the appellee.

LOWE, Ch. J.—In order to determine whether the court did right or wrong ,in sustaining the motion in question, it will be necessary to state concisely the substance of the petition, that it may be seen what was the matter stricken therefrom, and the relation it bore to the plaintiff's cause of action.

1. TAXES AND
TAX SALES:
redemption.

The statement is, that the plaintiff was a non-resident of the State; that in the year 1856 he became the legal owner of the lot in question; that he had an agent here to pay taxes, and that he remitted funds to him for that purpose; that in January, 1865, he learned the property had been sold for delinquent taxes. He forwarded money to his agent, Philip H. Nickodemus, to redeem the same; that the agent applied at the office of the clerk of the District Court for that purpose, and so informed the clerk, and told him he wished to clear it of all claims or liens, on account of tax sales. The clerk examined the books and informed the agent that the amount required for that purpose was $16.40, which was paid, and the clerk issued a certificate of redemption from a sale made of said lot in 1863 for the delinquent taxes of 1862, and assured him that was all there was against said lot. He also paid the taxes for the years 1864–5, and then rested with the impression that all antecedent taxes had been paid. He ascertained, however, in January, 1866, that the lot had been sold for the taxes of January, 1861, and purchased by other parties, and after several mesne conveyances the title had vested in the present defendant, who sets up claim thereto, and refuses to surrender the same, the time of redemption having expired. It is also alleged as a part of plaintiff's cause of complaint entitling him to redeem, that he had paid the taxes on said lot for the year 1861, through an agent he had at that time, by the name of John Rice, and that in fact no delinquent taxes existed against his lot for that year.

Such is the substance of the case which plaintiff makes for himself in his petition; he does nòt assail or draw in question the regularity of the tax sale under which defendant claims, but insists that although the time for redemption under the statute had expired, he was nevertheless entitled to redeem or remove a cloud from his title for the reasons set out in his bill.

That *he is* so entitled on one of the grounds which he alleges, namely, payment of the taxes on the lot for that year, is clear, and, therefore, a demurrer to the petition, as a whole, could not have been successfully made.

But what effect in law or equity is to be given to the other facts in the bill; that which relates to plaintiff's attempts to redeem the lot from all tax sales, at a time when it was competent for him to do so, but when he failed, because of the mistake or misdirection of the clerk? Should the mistake of the clerk, or the negligence of the owner in this regard, affect the rights of a good faith purchaser?

We are to suppose that an ordinarily prudent business man would know whether he had paid the taxes on his property for any given year or not, and that if he did not know, that he would, at least, consult the highest sources of information, namely, the tax list and sale books in the treasurer's office.

A general offer to the clerk to pay all taxes in arrear, or to redeem property sold for taxes, as in this case, with2. —— general out offering any specific amount, or without
offer to
redeem. redeeming or requesting to redeem from the specific tax sale under which the defendant claims, would not raise an equity in favor of plaintiff for relief as against an innocent purchaser. Blackwell on Tax Titles, 506, 507.

To plead to such matter, would simply embarrass the record with immaterial issues. If so, it follows that the

3. PLEADING facts so stated are redundant or immaterial,
AND PRACTICE:
redundant and as such, it is the right of the adverse
matter:
remedy. party to have the same removed from the
pleadings on motion. Rev. § 2946.

It is true, perhaps, that if the whole cause of action, as stated in the petition, is irrelevant or redundant matter, the proper mode of raising the question would be by demurrer, for it then bcomes a question of entire insufficiency, not of partial irrelevancy.

On the other hand, if the petition is good in part as stating a cause of action, but objectionable in containing whole statements of irrelevant or redundant matter, which cannot be made the subject of a material issue, the true course is to purge the same by motion. *White* v. *Kidd*, 4 How. Pr. 68; *Benedict* v. *Dake*, 6 Id. 352; *Fabricotti* v. *Lawritz*, 3 Sandf. S. C. 743.

The ruling below is sustained.

Affirmed.