No. 2691.—JOSEPH HOY v. E. A. SCOTT.—Louisa M. Scott, Succession of William Silliman, J. B. McWilliams and Joseph Hoy, third opponents.

In a suit to settle the rank of mortgages, if the claim of the third opponent did not originate until after the other judgments were rendered and recorded, he can neither contest the reality of the judgments, nor the validity of their consideration. In a contest of this character, evidence is not admissible on the part of the third opponent to show that the consideration of the judgment, which was recorded before the existence of his own claim, was for the sale of slaves.

APPEAL from Fifth District Court, parish of East Feliciana. *Posey*, J. *D. J. Wedge* and *Muse & Philips*, for third opponent, appellant. *McVea & Hunter, Cross & Hardee*, and *Race & Foster*, for appellees.

WYLY, J. This is a contest between the creditors of E. A. Scott for the proceeds of the sale of his plantation and two mules, which were sold on twelve months' credit, under the mortgage of Joseph Hoy, with the agreement that all parties would litigate their rights to the funds arising from said sale represented by the twelve months' bond, on third oppositions.

Joseph Hoy, the holder of the mortgage under which the property was sold, contends that the claims of Mrs. L. M. Scott and J. B. McWilliams have been extinguished by payment, and the judgment of William Silliman against the defendant, E. A. Scott, is based upon a note given for the purchase price of slaves, and that the same can not be enforced, being against public policy and in violation of article 128 of the constitution.

The executors of Silliman contend that, as the judgment in favor of said succession was rendered before the claim of Hoy came into existence, he can not attack or question the reality of the consideration thereof; they also plead the prescription of one, two, three and four years, in bar of a revocatory action.

J. B. McWilliams claims a preference on the funds arising from the sale of the mules, on account of his vendor's privilege thereon. Mrs. L. M. Scott claims a preference on the funds, above all the other creditors, on the ground that her judgment against her husband, E. A. Scott, recognizes her legal mortgage on his property from the first of January, 1853; that she also owns the Gottinger judgment, which became a judicial mortgage on the property of her husband from the nineteenth of February, 1866, the day of its registry. The court below decreed that the funds in dispute should be distributed:

*First*—To the payment of the judgment of Mrs. Scott against her husband;

*Second*—To the Gottinger judgment owned by her;

*Third*—To the judgment of William Silliman;

*Fourth*—To the judgment of Joseph Hoy.

It further ordered that the claim of McWilliams be allowed for two hundred and fifty dollars, to be paid by preference, as vendor, out of the proceeds of the sale of the mules.

Joseph Hoy, the plaintiff and third opponent, has appealed.

Our attention is directed to the bill of exceptions taken by the executors of William Silliman to the introduction of evidence by Joseph Hoy to show that the original consideration of the note forming the basis of the judgment of William Silliman *v.* E. A. Scott, was for the price of slaves.

The objection to said evidence is:

*First*—That on the issue formed on the third oppositions, filed for the purpose of regulating the distribution of the funds in the hands of the sheriff, the validity of the judgment of one party can not be questioned collaterally, and that it can only be attacked by a direct action.

*Second*—That on the issue presented, the evidence is irrelevant, because the plaintiff, Joseph Hoy, became a creditor subsequent to the rendering and recording of the judgment of Silliman *v.* Scott, and that any revocatory action, even if this be considered one, is prescribed by one year.

We think the evidence should not have been received. That Joseph Hoy can not contest the reality of the judgment or the validity of its consideration, it having been rendered and recorded before the existence of his own claim. 10 An. 564; 6 An. 89; 2 An. 174.

The plea of payment as to the judgments of Mrs. Scott and McWilliams is not sustained by the evidence.

We see no error in the judgment.

Judgment affirmed.

Rehearing refused.