Beck, J.
1 Tat SALB statute of limitatio ti The questions presented in this case all relate to the sufficiency and effect of the proceedings and decree in the case of Watson v. Stevenson, which are * ' ' pleaded and relied upon to defeat plaintiff’s jl jl action. If they are valid and binding upon plaintiff he cannot recover. This is admitted by plaintiff’s counsel, and their objections are all directed against the validity of the decree in that case. It is not claimed that the notice in that ease is insufficient to give the court jurisdiction if it otherwise could have been acquired. It is insisted, however, that the court had arid could not *280 acquire jurisdiction of the subject-mattér of the action, and that all the proceedings therein are therefore coram non judice. We will notice the objections made by plaintiff’s counsel in the order we find them presented in their brief.
I. Section 190 of the Revision provides that no actions for the recovery of real property sold for taxes shall lie unless brought within five years from the date of sale. It is insisted that this provision will be annulled by permitting a claimant of land, under a tax sale, to institute a proceeding, like the one in question, to quiet his title and cut off the right of the owner to contest it. It is contended that this section secures to the owner five years in which to bring his action to recover against the tax title, and that the courts have no authority in an action to destroy this right.
In our opinion, this view is the result of a misconception of the provision above quoted. It is designed to limit the time in which an action may be brought, and not to secure the title of the claimant of the lands from being defeated or cut off by proper proceedings known to the law, or by any act of his own which would operate to divest his title. The provision is not intended to protect his title. It can be regarded in no different light than that in which other statutes of limitation are viewed.
2,_jurisdic-o ™quity°urt3 collateral: attack. II. The next point madé by appellant’s counsel is this: The district court, as a court of equity, has no jurisdiction in a proceeding instituted to cure or correct the defects of a tax title. That is, if such title be defectiye and invalid because of non-compliance with law, the court has no jurisdiction to cure and correct such defects and make the title valid.
It may he admitted that chancery cannot, under the rules of the law, exercise its power to make valid a defective title resting upon the official acts of those, who in certain cases, as in guardian’s or administrator’s sales, tax sales and the like, are required to convey lands; but it does not *281 follow that in such cases the action of the court will be void. It cannot be said that in such cases the courts have no jurisdiction. They have jurisdiction to quiet titles and restrain those holding adverse defective titles from setting them up against the paramount title. This power is exercised in all cases where equity and good conscience require it. It is governed, however, by certain rules, among which, it may be conceded, is the rule referred to by appellant’s counsel, namely, that defects and irregularities in a title resting upon the official acts of the ministers of the law will not be cured. But it cannot be said that in such a case, where the court exercises its power, its decree is void for want of jurisdiction. The decree may be erroneous — in violation of the rules prescribed for the exercise of the power, and should be corrected accordingly, but it cannot, while unreversed and unimpeaehed, be disregarded and held as void. We conclude, therefore, that the court did have jurisdiction of the subj ect-matter of the action. Its judgment, we may concede, was erroneous, but cannot be disregarded. The law points out a way to correct the error which must be pursued, and until so corrected, it must be regarded as a valid judgment.
III. It is insisted that “ in order to justify a court of equity to remove a cloud from a title, the cloud must be apparently good against the title for which relief is sought,” and that the petition, in the case of Watson v. Stevenson, avers the tax title to be good and regular. The conclusion is drawn that it was made to appear to the court that Watson held the valid title and Stevenson’s title was therefore not a cloud thereon. Hence the court had not jurisdiction to grant the relief given in the decree. The foregoing rule of law and the statement of facts may be admitted, yet the conclusion of law arrived at is inadmissible. It is simply the case of an erroneous application of the law. The court had jurisdiction but erred in its judgment which is not, for that reason, void.
*282 IY. It is also urged, that, because it does not appear that Watson was in possession of the land, and because he had an adequate remedy at law, the court had no jurisdiction of the case. These objections, admitting them to exist, are not jurisdictional in their nature, and, like the others noticed above, show that the court, while it had jurisdiction of the case, erroneously administered the law.
Y. It is next claimed that there was no trial of the case upon the merits; that the treasurer’s deed is a nullity, and therefore furnished no foundation for the decree. The decree recites that there was a trial, the proofs, pleadings and exhibits having been- submitted to and adjudicated upon by the court. The decree is valid, even though it was rendered upon insufficient evidence.
All of the foregoing objections, it will be observed, if well taken, fail to establish want of jurisdiction in the court rendering the decree. Having jurisdiction, its judgment is an absolute verity, and cannot be impeached for errors or irregularities.
It will not be overlooked that the proceedings in this case are not intended to revise, set aside or impeach the decree in the case of Watson v. Stevenson. It is not directly attacked in this suit; no reference is made to it in any of' the pleadings. The objections are made when it is pleaded and offered in evidence as a defense to this action. It is thus collaterally attacked, and in such a case, the rule that, if the court had jurisdiction, its judgment cannot be impeached for irregularity or errors, is too familiar to require citation of authorities in its support.
In our opinion the decree pleaded as a defense to plaintiff’s action is a bar thereto. The judgment of the district court is therefore
Affirmed.