## MOORE v. HAMLIN ET AL.

Tax Sale: REDEMPTION FROM. A purchaser of lands which had been sold for taxes prior to his purchase, is not entitled to redeem because, after the transaction, he had asked the treasurer if there were unpaid taxes, and was informed there were none, at the same time making no inquiry as to tax sales.

*Appeal from Taylor District Court.*

MONDAY, JUNE 15.

THE plaintiff claims the ownership and right to the immediate possession of lot number three, in block number five, in the town of Bedford, Taylor county, Iowa, in virtue of a tax deed executed and recorded pursuant to a sale of the premises for the taxes of 1868. The finding of the court shows no irregularity in the proceeding connected with the tax sale. The defendant, Morris, purchased the lot after the sale of the same for taxes, and afterward sold the lot to the defendant, Evans.

The court adjudged that the defendants redeem from the tax sale, that plaintiff be estopped from claiming any interest in said lot, and take nothing by his tax title, and that the tax deed be cancelled. Plaintiff appeals.

*W. W. Morsman* and *W. P. Hepburn,* for appellant.

No appearance for appellee.

DAY, J.—The entire evidence upon which the court predicated the relief granted is that of the defendant, J. D. Morris, as follows:

*Ques.* "Well, you may state what effort you have made, if any, to ascertain the amount of taxes that were due on lot three in block five, and when you so made the effort. State when it was and all about it."

*Ans.* "Its a broad question. As near as I can recollect it was in April, 1870, I think it was in 1870. Soon after I had bought the lot, I had ascertained that Mr. Rockwood had a tax

title on it. I went there to ascertain how the matter stood. After doing this I was told perhaps there might be some back taxes on it, on which I went to the Treasurer, Mr. Cobb, and asked him if there were any back taxes on the lot in question. He took down his book and looked through several years, and told me there was no back taxes on the lot, and thinking I was getting a warrantee deed from this party, I thought from this time forward the lot would be clear. I believe that is all I know about it."

There is neither principle nor precedent to sustain the defendant's right to redeem under the above facts. The case falls very far short of *Bolinger v. Henderson*, 23 Iowa, 165; *Noble v. Bullis*, Ib. 559.

The land had been sold for taxes before Morris applied to the treasurer, and even before his purchase of the premises. It does not appear that he made the slightest effort, before his purchase, to ascertain the condition of the title. When he applied to the treasurer he inquired after back taxes, and not after tax sales. From aught that appears, the statements made by the treasurer were in every respect true, for the taxes of 1868 had been satisfied by sale, and it does not appear that the taxes of any other year were unpaid. Nor does it appear that Morris went to the treasurer prepared to pay the taxes or redeem from tax sales, or with the purpose of doing so.

The evidence fails in every respect to give the defendants a standing in a court of equity, or to entitle them to the equitable relief granted in the court below.

REVERSED.