## JOHNS v. PATTEE.

1. **Judgment:** COLLATERAL ATTACK. A stranger to a judgment cannot attack it collaterally on account of matters preceding its rendition.

2. **Pleading:** MOTION TO STRIKE OUT. Any party who is required to answer a pleading containing irrelevant matter is aggrieved thereby, and is entitled to have such matter stricken out on motion therefor.

*Appeal from Hardin District Court.*

WEDNESDAY, APRIL 20.

ACTION in equity. Certain paragraphs in the amended petition were stricken out on motion, on the ground the allega-

tions therein were immaterial and irrelevant. From the order of the court the plaintiff appeals.

*W. V. Allen,* for appellant.

*Porter & Moir* and *W. A. Grear,* for appellee.

SEEVERS, J. The amended petition states, in substance, the plaintiff was the owner of certain real estate described therein; that he obtained title thereto from one Dressman, and that defendants conspired together and through fraud and deceit obtained a judgment against Dressman, which became a lien on the real estate before it was conveyed to the plaintiff. The facts relied on as showing the conspiracy and fraud are set out at length, but it is unnecessary to do so here, as for the purposes of this case it must be conceded the judgment was obtained through the fraudulent acts and conspiracies of the defendants. The relief asked is that said judgment be decreed not to be a lien on said real estate. The question discussed by counsel is whether the plaintiff can thus attack the judgment. It was rendered in a proceeding at law, and 1. JUDGMENT: there is some question whether under the statute collateral attack. such a judgment can be set aside or modified in an action in equity because of matters which preceded the rendition of the judgment. Code, § 2522. . Be this as it may the plaintiff is a stranger to the judgment, and we have no doubt he cannot attack the judgment in a collateral action. It is doubtful if Dressman could do so. *Stevenson v. Bonestel,* 30 Iowa, 286; *Finch v. Hollinger,* 47 Id., 173.

If we understand counsel for the appellant he does not controvert the rule above stated, but insists the matter stricken out was material, and not irrelevant, or, if this be not true, the defendants were not aggrieved thereby. In support of this last proposition he cites *Cate v. Gilman,* 41 Iowa, 530.

In one sense a party cannot be prejudiced by immaterial matter stated in a petition, because if it be such it could

Johns v. Pattee.

have no effect on the case if not answered, or if established
2. PLEADING: by evidence on trial. But the party must de-
motion to
strike out. termine this question at his peril, and, therefore,
and because the record should not be thus incumbered, the
statute provides such matter may be stricken out, on mo-
tion of the party aggrieved thereby. Code, § 2719. Any
party who is required to answer a pleading containing irrele-
vant matter is aggrieved, or may be prejudiced, thereby, if
it remains in the record. He, therefore, is entitled to have it
stricken out. The matter sought to be stricken out, in *Cate v.
Gilman*, was such as could have been proven under the spe-
cific denials of the answer, and it was therefore held the
plaintiff could not be prejudiced by an affirmative statement
of such matter.

Immaterial matter in a pleading we understand to be any-
thing stated therein, which, if established on the trial, would
not entitle a party to, or aid him in obtaining, the relief de-
manded, or in sustaining the defense pleaded. As we have
seen, the plaintiff not being a party to the judgment cannot,
under the established rules of law, attack the judgment upon
the grounds set up in the petition. Such matter, therefore, is
irrelevant, has no place in the record, and if proved would in
no manner aid the plaintiff in obtaining the relief demanded.
It is proper we should state that a cause of action remained
in the petition after the objectionable matter was struck out.
Therefore it cannot be said a demurrer would have been the
more appropriate remedy. *Bolinger v. Henderson*, 23
Iowa, 165.

Without enlarging further, we are of the opinion that all
the matter struck out of the petition was irrelevant.

AFFIRMED.