[No. 18055.    Department Two. — March 6, 1893.]

F. J. OWENS ET AL., PETITIONERS, v. E. P. COLGAN, CONTROLLER, RESPONDENT, AND J. M. WOOD, APPELLANT.

INTERVENTION — FINAL JUDGMENT. — An intervention cannot be allowed after final judgment.

ID. — MANDAMUS — STATE WARRANT — PAYMENT — DENIAL OF MOTION FOR INTERVENTION. — Where, after judgment in favor of the petitioners for a writ of mandate to compel the state controller to draw a warrant upon the state treasurer, the controller obeyed the writ, and the warrant issued by him was paid, a motion by a third party to set aside the judgment, and for leave to file a complaint of intervention, is properly denied.

APPEAL from an order of the Superior Court of Sacramento County refusing to set aside a judgment and allow an intervention.

The facts are stated in the opinion of the court.

*Clinton L. White,* for Appellant.

*Johnson, Johnson & Johnson,* for Petitioners.

*Attorney-General W. H. H. Hart,* for Respondent.

The COURT. — Owens Brothers filed a petition in the superior court for a writ of mandate to compel Colgan, as state controller, to draw a warrant in their favor upon the state treasurer for a certain sum of money. An alternative writ was issued; and on the return day, July 31, 1891, Colgan filed a demurrer to the petition, which having been overruled, the court made its findings, and ordered judgment for petitioners as prayed for. On the next day, August 1, 1891, judgment was entered, and a peremptory writ was issued; and on that day the amount of the warrant was paid to petitioners by the state treasurer. Afterwards, on August 29, 1891, Wood served on petitioners and respondent a notice of motion to set aside the judgment, and for leave to file a complaint of intervention. The motion was afterwards heard, and the court made an order denying it; and from that order Wood appeals.

Appellant complains that he was seduced into delaying his application to intervene in the *mandamus* proceeding by the representation of Hart, attorney for respondent, that it would not be heard as soon as it was; and it is difficult to see how the petitioners for the writ of mandate could be bound in any way by the representations of the attorney of *respondent.* But however that may be, the order must be affirmed. In the first place, the general rule is, that an intervention cannot be allowed after final judgment. (Code Civ. Proc., sec. 387; *Carey* v. *Brown*, 58 Cal. 180; *Laugenour* v. *Shanklin*, 57 Cal. 70.) In the second place, since the controller has obeyed the writ, and the warrant issued by him has been paid, it would be a vain thing to vacate the judgment, or allow appellant now to intervene; and such a proceeding would not benefit him in the least.

The order appealed from is affirmed.