RUSSELL B. SMITH, *Appellant,* v. J. M. ELLIOTT, JR., E. C. HESSE AND JAMES F. REDDING, AS RECEIVERS OF THE AMERICAN SAVINGS BANK, FRANCES S. MOSHER, CLAUD E. CONNOR, RUBIE C. CONNOR, MIRIAN L. CONNOR IN HER OWN RIGHT AND AS TRUSTEE FOR EUGENE CONNOR, ROSALIE CONNOR AND MARY CONNOR, W. E. DICKEN AND MARY A. DUNKLIN, *Appellees.*

CHANCERY PRACTICE—INTERVENTION IN EQUITY SUIT BY STRANGER TO RECORD NOT ALLOWED AFTER FINAL DECREE—NOTICE BY PUBLICATION TO ABSENT DEFENDANT IN EQUITY SUIT NOT REQUIRED TO BE RETURNABLE TO A RULE DAY.

1. A stranger to the record, whose rights, claims or interests accrue or originate *subsequently* to the rendition of a judgment or decree, cannot attack the validity of such judgment or decree, even for fraud, but particularly for mere alleged errors or irregularities therein, nor for matters which might have been set up in defense by the parties to the original action.

2. After litigation has resulted in a final judgment or decree it is too late for third persons to be allowed to intervene as parties to such litigation, particularly does this rule apply to third persons whose claims or interests have accrued or originated subsequently to the rendition of such judgment or decree.

Fla.—54

3. Notice by publication in equity suits to non-resident defendants need not, under the provisions of Chapter 4129 Laws of 1893, be made returnable to a rule day.

This case was decided by the Court En Banc.

Appeal from the Circuit Court for Lake County.

The facts in the case are stated in the opinion of the court.

*William Hocker,* for appellant;

*H. L. Anderson,* for appellees.

TAYLOR, J.—On the 24th of June, 1903, the appellant as complainant below filed his bill for foreclosure of mortgage against all of the above named appellees as defendants below except the appellee J. M. Elliott, Jr. All of the defendants to the bill being non-residents of Florida, service was obtained by publication. No appearance, plea, answer or demurrer on the part of any of the defendants in the bill having been filed decree *pro confesso* was entered by the clerk on the 4th day of January, 1904. Notice of *Lis Pendens* was duly filed and recorded in the county of Lake on August 13th, 1903, and in the county of Marion on April 7th, 1904, the real estate covered by said mortgage being situated in both of said counties.

On January 7th, 1904, final decree of foreclosure was rendered against all the defendants to the bill.

On January 3rd, 1908, the appellee, J. M. Elliott, Jr., filed his petition for intervention in said suit praying therein that the said decree *pro confesso* and final

decree be vacated and set aside, and that he as an intervening party defendant be allowed to answer the bill. Said petition alleged in substance that the mortgage sought to be foreclosed was made originally to the Buffum Loan and Trust Company, of which E. H. Buffum, who made the affidavit attached to the bill as the agent for the complainant in said bill as a predicate for publication of notice to the non-resident defendants, was an active managing director; that the alleged assignment of said mortgage by said original mortgagee to George Foster and by said Foster to the complainant, Russell B. Smith, were not *bona fide* transfers but a fraudulent pretence to enable the said Buffum Loan and Trust Company to fraudulently enforce said mortgage. That the said Buffum Loan and Trust Company was still the real owner and beneficiary of said mortgage. That said mortgage had been fully paid and discharged before suit thereon by Claud E. Connor, one of the mortgagors. That the affidavit for publication of notice of said foreclosure suit made by said E. H. Buffum as agent for the complainant Russell B. Smith is wholly false and was known to be false at the time when made by the affiant E. H. Buffum—in that he makes oath therein that the residence and whereabouts of Claud E. Connor and Rubie C. Connor were unknown to him, whereas in fact and truth he knew at the time of making said affidavit for publication of notice of such suit that they were in and permanently resided in the town of Gadsden in the State of Alabama—but that said false affidavit disavowing knowledge of their whereabouts was designedly done with the fraudulent intent and purpose to prevent notices being mailed to them of said suit. That the notice as published was illegal and void because it required the defendants to the bill

to appear on the 8th day of December, which day was Tuesday, and not a rule day, when the law required it to be made returnable to the first Monday in the month or on a rule day. That neither the defendants to said bill nor the petitioner J. M. Elliot, Jr., had any actual notice of the pendency of the said suit. That on the 20th day of February, 1906, the defendant Myrian L. Connor, who was at that time the owner of the mortgaged lands, for a valuable consideration to her paid, sold, and conveyed said land to the petitioner J. M. Elliott, Jr., and that he was now in possession thereof in Ocala in Marion County, Florida.

On this petition, filed by the said J. M. Elliott, Jr., the court below, on February 3rd, 1908, made an order setting aside and vacating the decree *pro confesso* and final decree in said cause rendered on January 7th, 1904, and permitting the said petitioner until April 1st, 1908, to answer or otherwise plead to said bill as he might be advised. From this order or decree the complainant below appeals for relief to this court, and assigns said last mentioned order or decree as error.

The court below erred in making the order appealed from. The petition of the said J. M. Elliott, Jr., shows upon its face that he was a stranger to the record in the cause in which he seeks to intervene. That at the time of the rendition of the final decree of which he complains in his petition for intervention he was not only a stranger to the record in said cause, but then had no sort of claim to or interest in the subject-matter involved in the litigation, but only acquired an interest in the property involved in such litigation upwards of two years after the rendition of such final decree of foreclosure and more than two years after the filing and record of notice of *lis pendens* in said cause.

The law seems to be well settled that a stranger to the record whose rights, claims or interests accrue or originate *subsequently* to the rendition of a judgment or decree cannot attack the validity of such judgment or decree, even for fraud, but particularly for mere alleged errors or irregularities therein, nor for matters which might have been set up in defense by the parties to the original action. 23 Cyc. 1068; Hogg v. Link, 90 Ind. 346; Brace v. Reid, 3 Iowa (G. Green) 422; Hoy v. Scott, 22 La. Ann. 415; Johns v. Pattee, 55 Iowa 665, 8 N. W. Rep. 663.

Again it seems to be well settled that after litigation has resulted in a final judgment or decree it is too late for third persons to be allowed to intervene as parties to such litigation, particularly does this apply to parties whose claims or interests have accrued or originated subsequently to the rendition of such judgment or decree. Owens v. Colgan, 97 Cal. 454, 32 Pac. Rep. 519; Meadows v. Goff, 90 Ky. 540; 14 S. W. Rep. 535; Hicklin v. Nebraska City National Bank, 8 Neb. 463; Lee & Co. v. The Cass County Mill & Elevator Co., 42 Iowa 33. There is no foundation for the claim that under our law in force at the time of the publication of notice of this suit for foreclosure to the non-resident defendants, that such notice as published should have been made returnable to a rule day. Under the provisions of Section 1413 of the Florida Revised Statutes of 1892 such notices were required to be made returnable to a rule day, but this section of the Revised Statutes was amended by Chapter 4129 Laws approved May 31st, 1893, whereby the requirement making them returnable to rule days was abrogated.

The order or decree of the Circuit Court appealed from in said cause is hereby reversed at the cost of the

appellee J. M. Elliott, Jr., and the cause remanded with directions to dismiss the petition, for intervention filed by the said J. M. Elliott, Jr.

All concur except Hocker, J., not sitting.