In re PEPIN'S ESTATE. PEPIN, Appellant, *v.* MEYER
ET AL., Respondents.

(No. 3,912.)

(Submitted January 24, 1917. Decided February 9, 1917.)

[163 Pac. 104.]

*Probate Proceedings—Wills—Revocation—Parties—Parent and
Child—Adoption—Decree—Collateral Attack—Fraud—Coercion.*

Wills—Probate—Revocation—Parties.

1. Only those who, but for the will, would succeed in some degree
to decedent's estate are persons who may seek revocation of probate
thereof.

Same—Heirship—Adoption—Rights of Adopted Child.

2. As against collateral heirs, an adopted child, in the absence of a
will, succeeds to all the estate of the person adopting.

[As to right of adopted children to inherit, see note in 118 Am.
St. Rep. 684.]

Adoption—Decree—Collateral Attack.

3. The rule that a judgment valid on its face is not subject to collateral attack based upon considerations *dehors* the record is especially
applicable to a decree of adoption.

Same—Adoption—Collateral Attack.

4. An attack upon a decree of adoption rendered some twelve years
before, using as a means therefor a proceeding to contest a will and
procure its revocation, is collateral and outside the jurisdiction of
probate courts.

Same—Who may Adopt—Persons of Different Races.

5. The fact that the person adopting and the one adopted were of
different races did not constitute an obstacle to adoption under section
310, Civil Code of 1895.

Judgments—Who may Attack.

6. To avoid a judgment for fraud, the person attacking it must
show that he has rights which were vested at the time it was
rendered and were injuriously affected by it; for rights accruing
after its rendition, attack on it may not be made.

Adoption—Fraud—Coercion—Who may not Attack Decree.

7. One who had no right in the estate of a decedent other than as
collateral heir, was not in a position to attack a decree of adoption
twelve years after its rendition, for fraud or coercion said to have
been practiced upon decedent by the parents of the child adopted.

On right of parties to adoption proceedings or their privies to attack
decree of adoption, see note in 30 L. R. A. (n. s.) 159.

Authorities passing on the question of right of adopted child to inherit, see comprehensive note in 30 L. R. A. (n. s.), particularly at page
917.

*Appeal from the District Court, Hill County; John W. Tattan, Judge.*

IN THE MATTER of the estate of Simon Pepin, deceased. Petition of Exor A. Pepin against Elizabeth Meyer and others for revocation of probate of will was dismissed, and he appeals. Affirmed.

*Mr. Wellington D. Rankin,* for Appellant, submitted a brief and argued the cause orally.

The petition states facts sufficient to constitute a cause of action and shows that petitioner is a party interested. In order that petitioner may be interested, it is, of course, sufficient if he shows that in the absence of a valid will he would be entitled to share in the estate. This he has done by showing that there was no valid adoption of Elizabeth Trottier by the deceased. The petition sets forth that the adoption proceedings are void and of no effect, because the consent of Simon Pepin to institute the proceedings to adopt the child was procured by means of fraud, undue influence, threats, duress, compulsion and force, and that the said proceedings were void because there was fraud practiced upon the court by means of which the decree of adoption was procured. Such facts have frequently been held to be sufficient grounds for setting aside a decree of adoption. (1 C. J. 1392; 1 Am. & Eng. Ency. of Law, 736; *Tucker* v. *Fisk,* 154 Mass. 574, 28 N. E. 1051; *Booth* v. *Van Allen,* 7 Phila. (Pa.) 401; *Lee* v. *Back,* 30 Ind. 148; *Beatty* v. *Davenport,* 45 Wash. 555, 122 Am. St. Rep. 937, 13 Ann. Cas. 585, 88 Pac. 1109; *Furgeson* v. *Jones,* 17 Or. 204, 11 Am. St. Rep. 808, 818, 3 L. R. A. 620, 20 Pac. 842; *Taber* v. *Douglass,* 101 Me. 363, 64 Atl. 653; *Miller* v. *Higgins,* 14 Cal. App. 156, 111 Pac. 403.)

A contingent interest is sufficient to give one the right to contest a will. The petitioner has at least a contingent interest, which under the laws of Montana would be sufficient to permit

him to contest a will. (*State ex rel. Donovan* v. *Second Judicial District Court,* 25 Mont. 355, 65 Pac. 120.)

This proceeding is a direct attack upon the adoption proceedings. Though the prayer does not ask that the decree of adoption be set aside, the petition warrants such relief and therefore the proceeding is a direct and not a collateral attack on the adoption proceeding. The term "collateral attack" has been defined by this court in *Burke* v. *Interstate S. & L. Assn.,* 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879, as follows: "By 'collateral attack,' as the expression is used in this opinion, is meant every proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered or by appeal, and except suits brought to obtain decrees declaring judgments to be void *ab initio.*" The proceeding clearly comes within the last exception above stated, and is therefore not a collateral attack. (*Thompson* v. *McCorkle,* 136 Ind. 484, 43 Am. St. Rep. 334, 34 N. E. 813, 36 N. E. 211; *Schneider* v. *Sellers,* 25 Tex. Civ. 226, 61 S. W. 541.)

The court erred in dismissing petitioner's action without giving petitioner an opportunity to amend, if the petition did not state a cause of action. (*In re Sullivan's Estate,* 40 Wash. 202, 111 Am. St. Rep. 895, 82 Pac. 297; *Hoffman* v. *Steffey,* 10 Kan. App. 574, 61 Pac. 822; *Raleigh* v. *First Judicial District Court,* 24 Mont. 306, 315, 81 Am. St. Rep. 431, 61 Pac. 991; *State* v. *Clancy,* 30 Mont. 529, 540, 77 Pac. 312; *In re Rick's Estate,* 160 Cal. 467, 117 Pac. 539.)

*Messrs. Norris & Hurd,* for Respondents Meyer and Trottier, and *Messrs. L. V. Beaulieu* and *A. F. Lamey,* for Respondent Broadwater, submitted a brief; *Mr. Geo. E. Hurd* and *Mr. Beaulieu* argued the cause orally.

Who is a person interested? Under the statutes generally, an action to contest a will can be brought only by a "person interested" at the time the will was admitted to probate. Such "persons interested" include not only those named as bene-

ficiaries, but also those who would share in the estate in case of
intestacy, such as the heirs, or next of kin, and those interested
under a prior will.   A remote, contingent interest, which under
certain conditions which may never exist might become an ac-
tual and vested interest, is not sufficient.   (40 Cyc. 1243; *Mc-
Donald* v. *White,* 130 Ill. 493, 22 N. E. 599; *Storrs* v. *St. Luke's
Hospital,* 180 Ill. 368, 72 Am. St. Rep. 211, 54 N. E. 185.)   A
direct pecuniary interest at the time of the probate of the will
is a condition precedent to the right to contest.   (*Teckenbrock*
v. *McLaughlin,* 246 Mo. 711, 152 S. W. 38; *Halde* v. *Schultz,*
17 S. D. 465, 97 N. W. 369.)   One who would take nothing
under the statute of distribution, if there was no will, cannot
contest it.   (*State* v. *Lancaster,* 119 Tenn. 638, 14 Ann. Cas.
953, 14 L. R. A. (n. s.) 991; *Gore* v. *Howard,* 94 Tenn. 577,
30 S. W. 730; *Cassem* v. *Prindle,* 258 Ill. 11, 101 N. E. 241;
*Ingersoll* v. *Gourley,* 72 Wash. 462, 130 Pac. 743; *In re Baker's
Estate,* 170 Cal. 578, 150 Pac. 989; *Ligon* v. *Hawkes,* 110 Tenn.
514, 75 S. W. 1072; *Crawfordsville Trust Co.* v. *Ramsey,* 178
Ind. 258, 98 N. E. 177; *In re Fallon's Will,* 107 Iowa, 120, 77
N. W. 575; *In re Zollikofer's Estate,* 167 Cal. 196, 138 Pac. 995;
*Montgomery* v. *Foster,* 91 Ala. 613, 8 South. 349; *Floore* v.
*Green,* 26 Ky. Law Rep. 1073, 83 S. W. 133; *Wells* v. *Betts,*
45 App. Div. 115, 61 N. Y. Supp. 231; *State* v. *McQuillin,* 246
Mo. 674, Ann. Cas. 1914B, 526, 152 S. W. 341.)

That an adopted child is "issue," within the meaning of sec-
tion 4820, Revised Codes, is clear.   (*In re Newman's Estate,*
75 Cal. 213, 7 Am. St. Rep. 146, 16 Pac. 887; *Riley* v. *Day,* 88
Kan. 503, 44 L. R. A. (n. s.) 296, 129 Pac. 524; *Virgin* v. *Mar-
wick,* 97 Me. 578, 55 Atl. 520; *Ross* v. *Ross,* 129 Mass. 243, 37
Am. Rep. 321; *Power* v. *Hafley,* 85 Ky. 671, 4 S. W. 683; *Flanni-
gan* v. *Howard,* 200 Ill. 396, 93 Am. St. Rep. 201, 59 L. R. A.
664, 65 N. E. 782; *Hilpire* v. *Claude,* 109 Iowa, 159, 77 Am. St.
Rep. 524, 46 L. R. A. 171, 80 N. W. 332; 1 Cyc. 931.)   In the
case of *In re Williams' Estate,* 102 Cal. 70, 41 Am. St. Rep. 163,
36 Pac. 407, it was held that after the adoption of a minor,
who by the laws of the state is entitled to succeed to the estate

of its adoptive parent, the parent's other relatives, nieces and nephews, have no capacity to contest his will or to oppose any disposition of his estate to which the adopted child does not object.

If the action or proceeding has an independent purpose, and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral. (*Jenkins* v. *Carroll,* 42 Mont. 302, 112 Pac. 1064; *In re Evans,* 42 Utah, 282, 130 Pac. 217; *Duff* v. *Hagins,* 146 Ky. 792, 143 S. W. 378; 23 Cyc. 1063.)

The petitioner is not an injured party. He had no rights whatever that were or could have been prejudiced by the adoption at the time the order of adoption was made. The only possible interest he could have had was as one of the heirs of Simon Pepin. But, as heretofore shown, no one has a vested right to be the future heir of a living person. (*In re Colbert's Estate,* 44 Mont. 259, 119 Pac. 791; *Gregley* v. *Jackson,* 38 Ark. 487; *Sleight* v. *Reed,* 18 Barb. (N. Y.) 159; *Hamilton* v. *Flinn,* 21 Tex. 713; *Caruthers* v. *Tarvin,* 8 Ohio Dec. 344; *Safe Deposit & T. Co.* v. *Gittings,* 103 Md. 485, 63 Atl. 1046; *Cropper* v. *Glidewell,* 52 Ind. App. 52, 98 N. E. 1012; *In re McWhirter's Estate,* 235 Ill. 607, 85 N. E. 918; *National Safe Deposit Co.* v. *Stead,* 250 Ill. 584, Ann. Cas. 1912B, 430, 95 N. E. 973; 14 Cyc. 25.)

The judgment of adoption is conclusive. (1 C. J. 1394; *Coleman* v. *Coleman,* 81 Ark. 7, 98 S. W. 733; *In re McKeag's Estate,* 141 Cal. 403, 99 Am. St. Rep. 80, 74 Pac. 1039; *Adams* v. *Adams,* 102 Miss. 259, Ann. Cas. 1914D, 235, 59 South. 84; *Richards* v. *Matteson,* 8 S. D. 77, 65 N. W. 428; *Crocker* v. *Balch,* 104 Tenn. 6, 55 S. W. 307; *Omaha Water Co.* v. *Schamel,* 147 Fed. 502, 78 C. C. A. 68; *Barnard* v. *Barnard,* 119 Ill. 92, 8 N. E. 320; *Jossey* v. *Brown,* 119 Ga. 758, 47 S. E. 350.)

MR. JUSTICE SANNER delivered the opinion of the court.

On the twenty-eighth day of December, 1914, an order was made by the district court of Hill county admitting a certain

instrument to probate as the last will and testament of Simon Pepin, deceased. Thereafter Exor A. Pepin filed his petition seeking to contest said will and to have the probate thereof revoked, upon the grounds that he and other persons named in his petition are collateral heirs of said Simon Pepin entitled to succeed to his estate in the absence of direct heirs or a valid will; that said will was not properly executed by Simon Pepin or published and declared by him to be such, in the manner required by law; that, if executed by him at all, it was the result of the menace, duress, fraud and undue influence of Rose Trottier and Elizabeth Meyer; and that at the time of its pretended execution Simon Pepin was not of sound and disposing mind and memory. On the face of the petition it is further made to appear that on July 27, 1902, Simon Pepin signed and on August 6, 1902, filed in the district court of Choteau county his verified petition reciting his desire to adopt as his own one Elizabeth Trottier "who is now of the age of eight years, and the daughter of Rose Trottier and Andrew Trottier, * * * husband and wife, * * * who have * * * given their full consent," which petition contains all the other matters and things then required by law in such cases; that thereafter and on October 1, 1902, there was filed and presented to the court an agreement in writing, executed in the presence of Charles H. Boyle, clerk of said court, between "Andrew Trottier and Rose Trottier, his wife * * * and Simon Pepin," whereby the Trottiers assented to the adoption of Elizabeth by Pepin, and he agreed that she should be adopted, treated and cared for in all respects as his own child and daughter, her name to be changed from Elizabeth Trottier to Elizabeth Pepin; that thereafter and on the same day a minute entry was made of such adoption and a final order or decree was signed by Honorable John W. Tattan, Judge of said court, which, after reciting the matters and things necessary to give jurisdiction, "ordered, adjudged, declared and decreed that the said child, Elizabeth Trottier, shall henceforth be regarded and treated in all respects as the child and daughter of the said petitioner, Simon Pepin, and that her name be, and

it is hereby, changed to Elizabeth Pepin''; that thenceforth and until his death in November, 1914, she was regarded and maintained by said Simon Pepin as his legally adopted daughter, and that she, known since her marriage as Elizabeth Meyer, is the principal devisee under the will of said Simon Pepin. Upon citation, the executors of said will as well as Elizabeth Meyer and Rose Trottier, devisees named therein, appeared and by elaborate motions to dismiss, challenged the sufficiency of the petition upon several grounds, the chief of which is that the petitioner has no such interest in the matter as to authorize the proceeding by him or at his instance. This motion was granted, and from the order dismissing the proceedings the petitioner appeals.

It is an elementary proposition that the only persons [1] authorized to contest or seek revocation of the probate of a will are those who, but for the will, would succeed in some degree to the decedent's estate. (Rev. Codes, sec. 7407; *State ex rel. Donovan* v. *Second Judicial District Court*, 25 Mont. 355, 65 Pac. 120; *Ingersoll* v. *Gourley*, 72 Wash. 462, 130 Pac. 743; *Wickersham's Estate*, 153 Cal. 603, 96 Pac. 311; *In re Zollikofer's Estate*, 167 Cal. 196, 138 Pac. 995.) It is also obvious [2] that if Elizabeth Meyer is the adopted daughter of Simon Pepin, she, under the statute, in the absence of a will would succeed to all his estate as against the petitioner or any other collateral heirs (Rev. Codes, secs. 3768, 4820; *In re Newman's Estate*, 75 Cal. 213, 218, 7 Am. St. Rep. 146, 16 Pac. 887) ; and it necessarily follows that the petition was properly dismissed for want of interest in the petitioner, unless the apparent fact of Elizabeth's adoption is in some manner overcome.

Appreciating this, the petitioner seeks to avoid *prima facie* the decree of adoption by allegations to the effect that the proceedings were without jurisdiction in the court; that Simon Pepin, being of French-Canadian blood, could not lawfully adopt Elizabeth Trottier, who is of Indian blood; and that the decree of adoption was procured by fraud on the court, in that the court was led to believe, and did believe, ''that said child

was the child of Andrew and Rose Trottier," and "that it was decreeing an adoption desired and consented to by Simon Pepin, whereas his consent, if given at all, was procured by the fraud, menace, threats and duress of Rose Trottier in persuading said Simon Pepin to believe that Elizabeth was his daughter." We think the attack must fail for these reasons:

1. A comparison of the statutory provisions in force in October, 1902 (Civ. Code 1895, secs. 310–320 [Rev. Codes, secs. 3761–3771]), with the proceedings had in the matter of said adoption, is sufficient to establish that the latter were in apparent conformity to such provisions; the decree is therefore valid [3] on its face. A judgment or decree valid on its face is not subject to collateral attack based upon consideration *dehors* the record. (*Edgerton* v. *Edgerton,* 12 Mont. 122, 33 Am. St. Rep. 557, 16 L. R. A. 94, 29 Pac. 966; *Burke* v. *Interstate S. & L. Assn.,* 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879; *Haupt* v. *Simington,* 27 Mont. 480, 94 Am. St. Rep. 839, 71 Pac. 672.) This is especially true of a decree of adoption by which the status of particular persons is fixed. (Rev. Codes, sec. 7914; 1 C. J. 1394, sec. 114; *Brown* v. *Brown,* 101 Ind. 340, 342.)

2. The purpose of this proceeding is to contest the will of [4] Simon Pepin and procure revocation of the probate thereof, and as a means to that end the petitioner attacks the adoption of Elizabeth Trottier; such an attack is not direct, but collateral. (*Jenkins* v. *Carroll,* 42 Mont. 302, 310, 311, 112 Pac. 1064; 23 Cyc. 1065; Van Fleet on Collateral Attack, secs. 2–6.) The significance of this is emphasized by the fact that the present proceeding is in probate (*In re Davis' Estate,* 27 Mont. 490, 495, 71 Pac. 757), and a court of probate is a court of limited jurisdiction. (*Bullerdick* v. *Hermsmeyer,* 32 Mont. 541, 81 Pac. 334; *State ex rel. Ruef* v. *District Court,* 34 Mont. 96, 115 Am. St. Rep. 510, 9 Ann. Cas. 418, 6 L. R. A. (n. s.) 617, 85 Pac. 866.) It cannot entertain even a direct attack upon any final order, decree or judgment not entered by itself; this can only be done by the district court sitting with plenary powers in the exercise of its civil jurisdiction. If this be so, it would

be singular reasoning which could authorize the court below to annul in this proceeding the order of adoption here sought to be questioned. (See *In re Trimm,* 30 Misc. Rep. 493, 63 N. Y. Supp. 952; *Ward's Estate,* 59 Misc. Rep. 328, 112 N. Y. Supp. 282.)

3. The fact—if it be a fact sufficiently alleged—that Simon [5] Pepin and Elizabeth Trottier were of different races constituted no obstacle to adoption under the law as it then existed. (Civ. Code 1895, sec. 310.)

4. The ground of attack is fraud upon the court, based upon matters *dehors* the record which are a trifle hard to appreciate. [6, 7] The order of adoption was entered in consideration of the fact that Simon Pepin on his part, and the Trottiers on theirs, had signified in lawful manner that Elizabeth should be adopted by Pepin, and that such action would be for the best interests of the child. The truth of these facts is not questioned, but the point is made that the court was led to believe Elizabeth was the child of Andrew and Rose Trottier, and that Pepin's consent to adopt her was only apparent because procured by deceit and duress exercised, not by the person adopted, but by her putative parents. Undoubtedly the court was led to believe Elizabeth was the child of Andrew and Rose Trottier—by the allegations of Pepin's own petition as well as by the fact that Elizabeth was born of Rose Trottier. while Rose was the wife of Andrew Trottier, living with him as such; and that the court was not deceived in this respect is established by the provisions of Revised Codes, section 7961, subdivision 5, as well as by the petitioner's repeated allegations of deceit practiced upon Simon Pepin whereby Simon Pepin was persuaded to think that Elizabeth was his daughter. So far as the court was concerned, Pepin's petition and his agreement constitute a twice repeated consent to the adoption, he being perfectly competent; with the motives or reasons which impelled him the court had nothing to do further than to be satisfied of his disposition and capacity to adopt the child and treat her as his own; he alone was in position to attack the proceedings for fraud, for he alone, if

anyone, was injured by it. The rule is elementary that to avoid a judgment or other transaction for fraud, the person attempting to do so must show that he has rights which were vested at the time and were injuriously affected by it. (23 Cyc. 1068.) How was Exor Pepin injured? He was not in 1902 an heir of the living Simon Pepin, nor had he any natural or accrued right to be an heir of Simon Pepin at the latter's death (*In re Colbert's Estate,* 44 Mont. 259, 119 Pac. 791; 14 Cyc. 25) ; he was deprived of nothing by the adoption save a remote possibility. To say that with Elizabeth out of the way he would be entitled to succeed upon the death of Simon Pepin more than twelve years after the adoption is not enough; one whose rights accrue after a judgment is rendered cannot attack the judgment. (*Hogg* v. *Link,* 90 Ind. 346; *Johns* v. *Pattee,* 55 Iowa, 665, 8 N. W. 663; *Brace* v. *Reid,* 3 G. Greene (Iowa), 422; *Smith* v. *Elliott,* 56 Fla. 849, 47 South. 387.)

5. Finally, the facts alleged as invalidating Simon Pepin's consent are indecisive. They are that because of illicit relations between him and Rose Trottier, the latter was enabled to induce him to believe that Elizabeth was his natural daughter, and that her influence over him in that behalf was enforced by menaces on her part and on the part of her husband. That Pepin was ever deceived in respect of Elizabeth's relationship to him is refuted by his own petition for adoption—pleaded by the petitioner here—which recites that Elizabeth is the daughter of Rose and Andrew Trottier, husband and wife. Assuming it to be true that there were menaces, even that Pepin was bullied, coerced and driven into the adoption, he may nevertheless have become wholly satisfied with the arrangement, may have acquired through twelve years of association with Elizabeth in the adopted relation of parent and child, such affection as not to desire a change, may have, in effect, ratified what he could have had annulled, so that for Exor Pepin or anyone else there could be no ground of complaint. One has only to imagine the petitioner in this case seeking annulment of this adoption during the life-

time of Simon Pepin, to realize the futility of his present position.

In our opinion the petitioner has not and shows that he cannot allege any sufficient interest in the matter of Simon Pepin's estate to maintain this proceeding; the court was correct in dismissing his petition, and the order appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

(Submitted January 24, 1917. Decided February 9, 1917.)